ALFRED H. HENTIG v. THOMAS M. JAMES.

SECTION 483, CH. 80 OF GEN. STAT., *Construed.* Where a judgment creditor of an incorporated company obtains from the district court rendering the judgment in the case, an execution against the property of a stockholder of such corporation, upon notice and motion under § 32, ch. 23, Gen. Stat. 198, *held,* that such stockholder, against whom the execution is issued, is not a judgment debtor as contemplated by § 483, ch. 80, Gen. Stat. 724, as to subject him to the proceedings in aid of executions authorized by that section.

*Error from Shawnee District Court.*

THE plaintiff in error, plaintiff below, obtained an order from the district court of Shawnee county for an execution for the sum of $800 against the property of the defendant, as a stockholder in a corporation known as the Topeka Rolling Mill Company, under § 32, ch. 23, Gen. Stat., 198. The execution was issued by the clerk, and placed in the hands of the sheriff of Shawnee county, and was afterward returned by him wholly unsatisfied, for want of property on which to levy. After the return of the execution, the plaintiff filed an affidavit with the probate judge of said county, under § 483 of ch. 80, Gen. Stat., 724.

The required order was issued by the judge, and the defendant appeared, but refused to answer the questions propounded to him touching his property, and the judge ordered him placed under arrest for contempt in refusing to answer, until such time as he should answer the questions. Thereupon the defendant applied to the district judge of the third district for a writ of *habeas corpus,* which was granted him.

The sheriff, in whose custody the defendant then was, returned him in person before the judge at the time and place mentioned in the writ, with his reasons for the detention. The court held that the defendant was not such a judgment debtor as is contemplated by said § 483, and that the plaintiff was not entitled to the proceedings in aid of execution; that he was not in contempt for refusing to answer the questions propounded, and discharged him. To this ruling of the judge the plaintiff excepted, and he now seeks a reversal of this order.

*Hentig & Sperry*, for plaintiff in error.

*A. H. Vance*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: We perceive no error in the ruling of the district judge in discharging the defendant. Neither at law nor in equity are stockholders contributing to the capital of an incorporated company individually liable for the payment of the debts of the corporation. The liability arises solely by constitutional or statutory provision. As a consequence, the matter here is wholly governed by the statute, and the rights of the party claimant under the statute must be ascertained by it. (*Brinham v. The Wellersburg Coal Co.*, 47 Pa. St. 43.) In addition, it is the general doctrine that the remedies prescribed by statutes creating an individual liability on the part of the members of corporations for the corporate debts, must be strictly followed. With these principles in mind, we proceed to an examination of the sections of the statute involved in this case. Section 32 of said chapter 23 is as follows:

"If any execution shall have been issued against the property or effects of a corporation, except a railway, or a religious, or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder except upon an order of

the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion such court. may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

Under this statute, the judgment creditor of the corporation has two modes of procedure against a stockholder upon the return of his execution against the corporation, *nulla bona*. He may obtain by motion, after reasonable notice, the issuance of an execution from the court in which the action is brought against the stockholder, or he may proceed by action to charge the stockholders with the amount of his judgment. The former is a summary proceeding; the latter is the more formal one. If he is content to adopt the first, we do not think that the order of the court for the issuance of the execution, or the actual issuance of it, makes the stockholder thus proceeded against a judgment debtor within the terms of § 483 of the code. In holding otherwise, we would. have to decide that the judgment against the corporation was a lien upon all the real estate of the stockholders within the county in which the judgment was rendered, from the first day of the term at which the judgment was rendered, or that the order of the court granting the execution carried with it all the rights, remedies and aids of any other judgment. Neither of these conclusions can be justified. It would be simply absurd to hold that a judgment obtained by a creditor against a corporation, where stockholders are not parties to the suit, shall be a lien on the real estate of all the stockholders, when they are not named in the papers, proceedings or records, and no possible opportunity is given to any one, from an examination of the proceedings in the court, to determine who the stockholders may be, or the extent of their individual liability in the case. The adoption of the other conclusion, viz., that the judgment lien dates from the order of the court allowing the execution, though not so wild in theory as the former, is fraught with such confusion and inconvenience as

ought to prevent it from receiving any countenance, unless clearly required by the words of the statute. If this were the rule, search would have to be made in every case of judgments against corporations, and all proceedings had supplementary thereto, whenever abstracts of title of real estate were to be furnished, to ascertain whether any order had been issued for an execution against the owner of the real estate as a stockholder of such corporation. Actions in which the titles give no indications of the parties to be charged under execution would have to be looked into, and the difficulties would be almost interminable. The protection of creditors requires no such unreasonable doctrine to be favored, and the letter of the statute is against it. The concluding provision of said § 32 plainly prescribes that if the creditor wishes to make the stockholder a judgment debtor, with all that term implies, he may proceed by action and charge the stockholder with the amount of his judgment against the corporation. If we follow the theory of the counsel of plaintiff, then we must ignore this concluding provision, because it is of no use or importance to the creditor, if the lien of his judgment attaches upon the real estate of the stockholders at the rendition of it against the corporation, or if, by an order of the court, on a motion to issue an execution, such real estate becomes at once subject to the lien of the amount therein named. It is better to give force to all the provisions of the statute; and to do this, we conclude that the proceeding to obtain an execution on a motion is a special proceeding, limited in its character, and does not convey with it all the powers of a judgment. It assimilates to proceedings of garnishment, but allows the issuance of an execution instead of an action to recover the amount ordered to be paid. The amount charged against the stockholder is not a lien on real estate under the order of the court until a levy is made of the execution.

It is unnecessary to adduce argument that the language of § 483 of the code ought not to be extended by construction. Therefore, as in our view under the special proceedings had,

the defendant was not a judgment debtor in the strict sense of §483, he could not have been required by the probate judge to answer concerning his property.

The order of the district judge will be affirmed.

All the Justices concurring.