FREDERICK A. THOMPSON *vs.* BEMIS PAPER COMPANY & others.

Hampden. Sept. 24. —Nov. 12, 1879. ENDICOTT & LORD, JJ., absent.

A. made a contract with B. for the purchase of a certain number of shares of the capital stock in a corporation, and paid part of the agreed price; but the stock was not then transferred to him. While the stock stood in B.'s name on the books of the corporation, A. attended meetings of the corporation and voted as a stockholder. At one of these meetings, a vote was passed to divide the cash assets among the stockholders, A. voting in the affirmative. After this, a settlement was had between A. and B., the stock was transferred to him, and he was credited with dividends received, including that from the withdrawal of the cash assets. A. then brought an action against the corporation for a debt due from it to him, recovered judgment, and, the corporation neglecting to pay for thirty days after a demand duly made upon it, brought a bill in equity, under the St. of 1870, *c.* 224, § 42, to enforce the personal liability of the other stockholders on the ground of the withdrawal of the capital stock while there were debts outstanding. *Held*, that the bill could not be maintained.

BILL IN EQUITY, under the St. of 1870, *c.* 224, § 42, by a judgment creditor, in behalf of himself and all other creditors of the Bemis Paper Company,. against said corporation and Daniel D. Warren, Roswell P. Crafts, Pliny J. Crafts and C. G. Buttrick, stockholders in the corporation, to enforce the personal liability of the latter, on the ground that the capital of the corporation had been withdrawn and paid to the stockholders. St. 1870, *c.* 224, § 39, *cl.* 2.

The case was heard by *Soule*, J., and reported for the determination of the full court in substance as follows:

The plaintiff, upon a writ dated May 5, 1875, due service of which was made on the same day upon the defendant corporation, recovered judgment in the Superior Court, on June 28, 1876, against said corporation for the sum of $1192 damages, and $80.43 costs of suit. This action was brought and judgment recovered for the balance due the plaintiff for his personal labor and services for the corporation, for the two years and two months ending June 16, 1870, at a salary of $2500 per annum. Execution duly issued thereon, and was placed in the hands of a deputy sheriff for service, who, on July 18, 1876, made demand upon said corporation, its president and its treasurer, to pay the amount thereof, with the officer's fees; and the corporation and its president and treasurer neglected, for the space of thirty days after the demand, to pay the amount due, with the officer's fees, or any part thereof, or to exhibit to the officer real or personal estate of the corporation, subject to be taken on execution, sufficient to satisfy said execution, or any part thereof.

The defendant corporation was duly organized as a manufacturing corporation, under the laws of this Commonwealth, on or about June 8, 1866, with a capital stock of $40,000, divided into forty shares, of $1000 each, ánd it continued in business in Holyoke until June, 1870, when it sold out its property and ceased to do any manufacturing business. It was dissolved by the St. of 1872, *c.* 354.

At the time of the commencement of the suit, Warren, Roswell P Crafts, Pliny J. Crafts, C. G. Buttrick, G. Buttrick's estate, and the plaintiff, were stockholders in the corporation, said Warren owning eleven shares, Roswell P. fourteen shares, Pliny J. one share, C. G. Buttrick four shares, G. Buttrick's

estate two shares, and the plaintiff eight shares of the stock, and the same number of shares was held by each of these parties on March 21, 1871, at the time of the division of the capital hereinafter stated, except that Warren held a certificate for nineteen shares standing in his own name. G. Buttrick died intestate after March 21, 1871, and prior to the commencement of the suit in which the judgment was recovered. He was a resident in Hampden County at the time of his death, and no administration has ever been applied for or taken out upon his estate.

When the plaintiff went to work for the corporation, he bargained for eight shares of the stock, and paid a part of the agreed price. No stock was transferred to him, and Warren lent him the money and held the stock standing in his own name as the absolute owner, so far as the record showed, but in fact as collateral security for the loan until March 29, 1871, when the stock was transferred to him upon a final settlement with Warren, in which dividends received were accounted for by him. The plaintiff was notified of and attended meetings of the stockholders, and voted thereat on eight shares as a stockholder.

At a meeting held on March 21, 1871, the sum of $10,528.89, being the amount of the cash assets of the corporation, was withdrawn from the capital of the corporation and divided among the stockholders in proportion to the amount of stock held by each stockholder. The plaintiff was present and voted in favoi of such division, Warren receiving the dividend on the shares which plaintiff had agreed to buy. At this meeting, a state ment was exhibited by the treasurer, showing the condition of the corporation, and an amount of $15.10 due the plaintiff. The plaintiff said nothing then about the statement of the amount due him, and nothing about having any other demand against the corporation, but did not intend to waive any debt of the corporation to him. At that time there were debts due the corporation to the amount of about $20,000, as to the value of which there were different opinions among the stockholders, and the plaintiff did not understand the dividend then made to be final; from the beginning of his employment, the plaintiff contended that he was entitled to his salary at the rate of $2500 a year.

The plaintiff objected to any evidence of his acts as a stock-holder prior to March 29, 1871, and to any evidence of his acts or declarations at the meeting of March 21, 1871. No other debts are now known to exist against the corporation.

If on such of the foregoing facts as were competent, the bill could be maintained, a decree was to be entered for the plaintiff; otherwise, the bill to be dismissed.

*M. B. Whitney*, for the plaintiff.

*M. P. Knowlton*, for the defendants.

GRAY, C. J. A creditor who is also a stockholder of a corporation, and as such liable for its debts, is not entitled to the remedies afforded by statute to creditors against stockholders for the debts of the corporation. *Thayer* v. *Union Tool Co.* 4 Gray, 75. *Potter* v. *Stevens Machine Co. ante*, 592. The mere fact that the plaintiff was the equitable owner of shares might not indeed subject him to the liabilities or disabilities of a stockholder. *Crease* v. *Babcock*, 10 Met. 525. *Johnson* v. *Somerville Dyeing & Bleaching Co.* 15 Gray, 216.

But this plaintiff, at the time of the commencement of the suit in which judgment was recovered against the corporation, was the absolute legal owner of eight shares; and even at the earlier period before the passage of the vote on which this bill is founded, he was not only the equitable owner of these shares then standing in the name of Warren, but he was treated by the corporation, and acted, as the legal owner thereof, receiving notices of and attending meetings as a stockholder; he participated in the vote by which the whole cash assets of the corporation were withdrawn, and paid to the stockholders in proportion to the amount of the stock held by each; and he received through Warren his share of the money so paid out. He now seeks to make the very act which he, as a stockholder, took part in bringing about, and in reaping the benefit of, the ground for charging Warren and other stockholders with personal liability upon a bill in equity under the St. of 1870, *c.* 224, §§ 39–43, for a debt due from the corporation to himself. This cannot be permitted. *Bill dismissed.*