GEORGE W. FOWLER *et al.*

*v.*

S. WARREN LAMSON *et al.*

*Filed at Ottawa June 19, 1893.*

1. STATUTES—*constitution of another State—construction of State courts followed.* Where a question arises as to the effect of a provision of the constitution of another State, the decisions of the Supreme Court of that State must first be looked to, and if it has ruled upon such provision this court will adopt that ruling. It is the peculiar province of the Supreme Court of a State to interpret its organic laws, as well as its statutes.

2. CORPORATIONS—*liability of stockholders in Kansas for debts of corporation.* The Supreme Court of the State of Kansas recognizes, and in effect holds, that stockholders of corporations organized under the constitution and statutes of that State are individually liable to creditors of such corporation to an additional amount equal to the stock owned by each of them.

3. SAME—*mode of enforcing liability of stockholder in Kansas corporations.* In Kansas, a creditor of a corporation may enforce the liability of stockholders by having judgment against the corporation, and execution issued against its property or effects returned *nulla bona,* when he may have execution against the stockholders. If the corporation be dissolved, leaving debts unpaid, suit may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation, in which case the statute gives the stockholder sued a special remedy against other stockholders by judgment and execution.

4. SAME—*solvent stockholders—liability.* Such creditor may sue all who were stockholders at the time of the dissolution, for the recovery of the portion of such debt for which they were liable; and the execution upon the judgment shall direct the collections to be made from the property of each stockholder, respectively, and if any

number of stockholders shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders.

5. SAME—*stockholders' liability—special remedy must be pursued.* It is well settled that special remedies providing for the enforcement of the individual liability of stockholders, created by the laws of a State, can alone be pursued to enforce such liability. The person incurring such liability under constitutional or statutory provision, is presumed to do so subject to its enforcement by the special provision made for that purpose, and no other.

6. SAME—*liability of stockholder of one State not enforcible in another State.* Where a special remedy is given to creditors of a corporation against its stockholders, the liability can not be enforced in another State. The remedy must be pursued in the State in which the corporation exists.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Mr. E. F. THOMPSON, for the appellants:

This action is founded upon the constitution and statutes of the State of Kansas, providing for a double liability of stockholders in corporations. We must therefore, in respect to its validity, its nature, its interpretation and its effect, resort to the law of that State. *Bond* v. *Appleton,* 8 Mass. 472; *Farwell* v. *Wadsworth,* 35 Ill. App. 469; *Patterson* v. *Lynde,* 112 Ill. 207; *Patterson* v. *Lynde,* 106 U. S. 520; *Shelby* v. *Grey,* 11 Wheat. 367; *Elmendorf* v. *Taylor,* 10 id. 154; *Fairfield* v. *Gallatin County,* 100 U. S. 50.

The constitutional provision of Kansas, that "dues from corporations shall be secured by the individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law," and the statutory provision made in pursuance thereof, that "if any execution shall have been issued against the property or the effects of the corporation, and there can not be found any property whereon to levy such

execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of the stock by him or her owned, together with any amount unpaid thereon," created a double liability.   *Howell* v. *Manglesdorf,* 33 Kan. 100; *Valley Bank* v. *Sewing Society,* 28 id. 426; *Bagley* v. *Tyler,* 43 Mo. App. 195; *Root* v. *Sinnock,* 120 Ill. 350.

The constitution and statutes of Kansas provide that those who were stockholders at the time the execution is returned *nulla bona,* or if the corporation has dissolved and no judgment can be obtained, then those who were stockholders at the time of the dissolution shall be liable to creditors of such corporation under this double liability.   Suit may be brought against any person or persons who were stockholders at the time of the dissolution of the corporation.   *Bagley* v. *Tyler,* 43 Mo. App. 195; *McLaren* v. *Franciscus,* 43 Mo. 453; *Middletown Bank* v. *McGill,* 5 Conn. 28; *Howell* v. *Manglesdorf,* 33 Kan. 100; *Longley* v. *Little,* 26 Me. 162; *Root* v. *Sinnock,* 120 Ill. 350; *Brown* v. *Hitchcock,* 36 Ohio St. 667; *Wheeler* v. *Kost,* 77 Ill. 296; *Pullman* v. *Upton,* 96 U. S. 331; *Curtis* v. *Harlow,* 12 Metc. 3; *McCullough* v. *Moss,* 5 Denio, 567; 2 Morawetz on Private Corp. 858; Thompson on Liability of Stockholders, sec. 90.

The double statutory liability of stockholders is a contract liability, and is not a penalty, and will therefore be enforced in the courts of other States.   *Bagley* v. *Tyler,* 43 Mo. App. 195; *Queenan* v. *Palmer,* 117 Ill. 619; *Howell* v. *Manglesdorf,* 33 Kan. 100; *Hodgson* v. *Cheever,* 8 Mo. App. 321; *Perry* v. *Turner,* 55 Mo. 418; *Flash* v. *Conn,* 109 U. S. 371; *Patterson* v. *Lynde,* 112 Ill. 207; 2 Morawetz on Private Corp. secs. 874, 875; Cook on Stock and Stockholders, sec. 223; Thompson on Liability of Stockholders, sec. 80.

The statutory liability of the stockholders creates a common fund as a security for the creditors of the corporation.   Where the statute creating the liability is silent as to the remedy,

prescribing no form of action and designating no tribunal where relief may be had, then the creditors may have relief in equity.   In this proceeding the fraudulent transfer of the stock by appellants to Whitner would alone furnish a court of equity grounds for taking jurisdiction.   *Howell* v. *Manglesdorf,* 33 Kan. 100 ;   *Queenan* v. *Palmer,* 117 Ill. 619 ;   *Patterson* v. *Lynde,* 112 id. 207 ;   *Perry* v. *Turner,* 55 Mo. 418 ;   *Wheelock* v. *Kost,* 77 Ill. 296 ;   *Eames* v. *Doris,* 102 id. 351 ;   *Shickle* v. *Watts,* 94 Mo. 410 ;   *Norris* v. *Johnson,* 34 Md. 485 ;   *Morley* v. *Thayer,* 3 Fed. Rep. 746 ;   *Cambridge* v. *Dying,* 4 Allen, 239 ; *Garrison* v. *Howes,* 17 N. Y. 463.

Mr. D. M. KIRTON, for the appellee :

Jurisdiction to enforce the individual liability of stockholders of corporations is limited to the courts of the State under whose laws those corporations were created.   *Lynde* v. *Patterson,* 112 Ill. 196 ;   *Railroad Co.* v. *Railroad Co.* 135 Mass. 34 ;   *New Haven H. N. Co.* v. *Linden Springs Co.* 142 id. 353 ; *Halsey* v. *McLean,* 4 Allen, 434 ;   *Aultman's Appeal,* 98 Pa. St. 505 ;   *Erickson* v. *Nesmuth,* 25 Gray, 221 ;   *Gregory* v. *Railroad Co.* 40 N. J. Eq. 38 ;   *Rice* v. *M. H. Co.* 16 N. H. 114 ;   *May* v. *Black,* 77 Wis. 101.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

This is an appeal from a judgment of the Appellate Court for the First District, reversing a decree of the Superior Court of Cook county in favor of appellants, against appellees.

The bill upon which the decree was rendered was filed by said George W. Fowler, and alleged that at the October term, 1890, of said Superior Court, he recovered a judgment against the Cherokee Brilliant Coal and Mining Company for $3321.40 and costs of suit;   that a writ of *fieri facias* issued thereon, directed to the sheriff of Cook county, who "demanded payment thereof, or property upon which to levy the same, from

S. Warner Lamson, president of said corporation, which being refused, said writ was returned unsatisfied and said judgment remains wholly unpaid;" that said company was incorporated in September, 1882, under the laws of the State of Kansas, and for a number of years thereafter carried on business; that at the date of its incorporation it was, and ever since has been, a part of the constitution of Kansas that "dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law;" and that at said time, and since, it has been, and now is, a part of the laws of said State that "if any execution shall have been issued against the property or effects of the corporation, except a railroad or religious or charitable corporation, and there can not be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of the stock by him or her owned, together with any amount unpaid thereon, but no execution shall issue against stockholders except upon an order of the court in which the action, suit or other proceedings shall have been brought or instituted, made upon motion of the court, after reasonable notice in writing to the person or persons sought to be charged, and upon such motion such court may order execution to issue accordingly; or the plaintiff in the execution may proceed, by action, to charge the stockholders with the amount of his judgment;" that said Cherokee Brilliant Coal and Mining Company was not a "railway, religious or charitable corporation;" that the defendants became the owners of five hundred and twenty-one shares of the capital stock of said company, of the par value of $100 each, and are chargeable with liability to the creditors of said corporation equal in amount to the amount of stock so held by them; that said company became insolvent, and made an assignment of all of its property on or about June 17, 1886; that by the laws of said State of

Kansas it is further provided, that "if any corporation created under this or any general statute of this State, except a railway or charitable or religious organization, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit, and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from the property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders and collection made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved;" that at the time of issuing said *fieri facias* said corporation had for more than a year suspended business, and was thereby dissolved.

It was stipulated between the parties that the defendants were the owners of the shares of stock alleged in the bill, but the same had been fully paid for. The appellant Earle filed an intervening petition, setting up a judgment in his favor, against said corporation, for $1162.50, rendered at the December term, 1890, the return of execution unsatisfied, etc., and joining in the general allegations of the bill. The prayer of the bill is, that the defendants be decreed to pay said judgments.

For the purposes of this opinion the answer of defendants (except the stipulation above mentioned) may be treated as a general denial of the allegations of the bill, and expressly denying the jurisdiction of the court.

The cause having been referred to a master, he reported that all the material allegations of the bill were sustained by

the proofs, and that the prayer thereof should be granted. Exceptions to this report were overruled, and a decree entered accordingly. That decree having been reversed by the Appellate Court, this appeal is prosecuted.

The first question presented for our decision is, whether under the laws of the State of Kansas, where said corporation was organized and is domiciled, appellees are individually liable to its creditors, to an amount equal to the stock thereof owned by them. The decision of this question depends upon whether the constitutional provision of that State above quoted is to be treated as self-executing, it being admitted that no direct legislation has been had carrying it into effect.

Whether or not such constitutional provision can be availed of by creditors to charge stockholders, individually, with the debts of a corporation, in the absence of legislative action in aid thereof, depends, generally, upon the language of the provision, and hence cases are to be found holding both 'ways on the question. (See note 3 Am. S. R. 836, 837.) In this case, however, the question being as to the effect of a provision of the constitution of a sister State, the decisions of the Supreme Court of that State must be first looked to, and if it is found that it has ruled upon such provision, we will adopt that ruling. (*Patterson* v. *Lynde*, 112 Ill. 207.) Thus, the Supreme Court of the United States said, in *Fairfield* v. *County of Gallatin*, 100 U. S. 50 : "It is the peculiar province of the Supreme Court of a State to interpret its organic laws as well as its statutes, and it is the duty, as well as the pleasure, of this court, to follow and adopt that court's interpretation." While it is, perhaps, true that the Supreme Court of Kansas has not decided, in terms, that said constitutional provision is self-executing, it has fully recognized, and in effect held, that stockholders of corporations organized under the constitution and foregoing statutes of that State are individually liable to creditors of such corporation to an additional amount equal to the stock owned by each of them. *Hentig* v. *James,* 22

Kan. 326; *Valley Bank* v. *Sewing Society*, 28 id. 423; *Howell* v. *Manglesdorf*, 33 id. 194; *Dry Goods Co.* v. *Abbey*, 44 id. 415.

It will be seen, however, by reference to the foregoing allegations of the bill, that two special modes are provided by the laws of Kansas by which creditors of corporations like the one in question may enforce the liability of stockholders: First, by having judgment against the corporation, and execution issued against its property or effects returned *nulla bona*, he may have execution against the stockholders, etc. (Sec. 32, *supra*.) Second, "If the corporation be dissolved, leaving debts unpaid, suit may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit," in which case the statute gives the stockholder sued a special remedy against other stockholders, by judgment and execution. "He may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from the property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collection made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved." It is well settled that these special remedies having been provided for the enforcement of the individual liability of stockholders created by the laws of Kansas, they alone can be pursued to enforce that liability. (*Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 747, and cases cited in note; 3 Am. S. R. 854; Thompson on Liability of Stockholders, sec. 56; Cook on the Law of Stock and Stockholders, sec. 219.) The reason of this rule is manifest. The liability only exists by force of some constitutional or statutory provision, and the person

incurring that liability is presumed to do so subject to its enforcement by the special provision made for that purpose, and no other. *Lowery et al.* v. *Inman,* 46 N. Y. 119, and authorities cited.

The amended bill in this case proceeds upon the allegation that the corporation has been dissolved, but attempts to enforce the individual liability of the defendants by a proceeding entirely different from that prescribed by the statute of Kansas, and thus deprive the defendants of the speedy and adequate remedy given them by that statute against other stockholders, if they should be held liable. There is also the further insuperable objection to this proceeding, that it is an attempt to enforce the individual liability of the defendants in a jurisdiction other than that in which the corporation exists, the rule being, that when a special remedy is given creditors of a corporation against its stockholders, the liability can not be enforced in another State. (*Lowery* v. *Inman, supra; Christenson* v. *Eno,* 106 N. Y. 97; *Minnick* v. *Mings Iron Works Co.* 25 W. Va. 184.) The reason for this rule is forcibly illustrated by the above quoted statute of Kansas providing a remedy in case of the dissolution of a corporation, which remedy, it must be conceded, could only be enforced in the State of Kansas, where, presumably, the stockholders of the corporation generally reside.

For the reasons here given it is clear that the bill could not be maintained in this State. Judgments have not been obtained in this State, or elsewhere, against appellees. The proceeding is an attempt to enforce their individual liability as stockholders, by compelling them to pay judgments against the corporation. *Young* v. *Farwell,* 139 Ill. 326, citing numerous authorities, also sustains the position that this bill can not be maintained in this State. See, also, *Bank of North America* v. *Rindge,* 154 Mass. 203.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*