[No. 19,573.   In Bank.—June 8, 1896.]

EDWARD W. RUSSELL, APPELLANT, *v.* PACIFIC RAILWAY COMPANY ET AL., DEFENDANTS.   S. B. COBB ET AL., INTERVENORS, APPELLANTS.

FOREIGN CORPORATION—LIABILITY OF STOCKHOLDERS—SPECIAL REMEDY —LIMITATION OF LIABILITY.—A special statutory remedy given by the laws of another state, for enforcing the statutory liability of the stockholders of a corporation organized under its laws, limits the liability, and where such remedy is not afforded by the laws of this state, the liability of the stockholders of such corporation cannot be enforced in this state against resident stockholders thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.   WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court.

*Edwin Walker, Arthur J. Eddy,* and *W. P. Gardiner,* for Appellants.

The liability of defendants under section 8 of the incorporation act is a liability arising upon contract, and may be enforced by any court having jurisdiction of the parties.

*Bicknell & Trask,* and *J. S. Chapman,* for Respondents I. W. Hellman, Mrs. Anna Spence, Executrix of the Will of E. F. Spence, Deceased, J. F. Crank, Harris Newmark, and E. F. Hurlbut.

*T. Z. Blakeman,* for Respondent William Alvord.

The stockholders of the Pacific Railway Company are not liable to any such suit as is brought here by this plaintiff and these intervenors.   (1 Beach on Corpora-

tions, secs. 149, 276, and cases cited.) A subscription by the stockholders for the stock of a corporation is a contract, and the law existing at the time and place of the contract is a part of it. (*Glenn* v. *Saxton*, 68 Cal. 353; *Robinson* v. *Magee*, 9 Cal. 81; 70 Am. Dec. 638; *Houston* v. *McKenna*, 22 Cal. 554; *Rose* v. *Estudillo*, 39 Cal. 270.) Where a statutory liability is imposed upon stockholders different from their common-law liability, and a special remedy is prescribed by the statute for the enforcement of that liability, by the laws of the state where the corporation is created, those remedies alone can be pursued to enforce that liability. (*Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 747; *Fowler* v. *Lamson*, 146 Ill. 472; 37 Am. St. Rep. 163; *Bank of North America* v. *Rindge*, 154 Mass. 203; 26 Am. St. Rep. 240; *Patterson* v. *Lynde*, 106 U. S. 520.) And that liability cannot be enforced in another state than that in which the corporation was created. (*Lowry* v. *Inman*, 46 N. Y. 119; *Bank of North America* v. *Rindge, supra; Fowler* v. *Lamson, supra; Jessup* v. *Carnegie*, 80 N. Y. 441; 36 Am. Rep. 643.)

TEMPLE, J.—The plaintiff brings this action as a judgment creditor of the Pacific Railway Company, in his own behalf and for other creditors of the corporate defendant and of the Los Angeles Cable Railway Company, for the appointment of a receiver, for the sale of its property, and that the sum due from stockholders of the Pacific Railway Company on their stock, so far as necessary, may be called in. Numerous stockholders resident in California are made defendants.

A complaint in intervention was filed in behalf of numerous persons who claim to be creditors of the Pacific Railway Company in various amounts. These creditors have no joint or common interest whatever, but claim the right to thus join under the provisions of a statute of the state of Illinois, which was proven at the trial.

February 10, 1891, Charles H. Morse, in the superior

court of Cook county, Illinois, recovered a judgment against the Pacific Railway Company for a sum of money, and caused an execution to be issued on said judgment, which was afterward returned *nulla bona.* Afterward, upon the averment of the insolvency of the corporation, Morse caused a receiver to be appointed for said corporation by the Illinois court.

On the twentieth day of January, 1891, plaintiff recovered a judgment in the superior court of. Los Angeles county against the Pacific Railway Company for the sum of one thousand and fifty-eight dollars and forty-eight cents, and thereafter commenced this action, and has procured a receiver to be appointed to impound the assets of the Pacific Railway Company.

It is averred and practically found that the corporation is utterly insolvent.

Judgment was entered for the defendants, and the intervenors, having made a fruitless application for a new trial, now appeal both from the order refusing a new trial and from the judgment.

One reason urged by the respondents why the appeal should not be sustained is, that, as they contend, an action of this character cannot be maintained in this state, That is to say, it is a special remedy given by the statute of Illinois, and can be enforced nowhere else.

The law of the state of Illinois, as found by the court, is as follows: By the eighth section of the act under which the Pacific Railway was incorporated, it was provided that "each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. No assignor of stocks shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor jointly with the assignee until the said stock be fully paid. Whenever any action is brought to recover against the corporation, it shall be competent to proceed against any one or more stockholders at the same time, to the extent of the balance

unpaid by such stockholders upon the stock owned by them respectively, whether called in or not, as in cases of garnishment. Every assignee or transferee of stock shall be liable to the company for the amount unpaid thereon to the extent and in the same manner as if he had been the original subscriber."

By section 25 of the same statute it is further provided that, under certain circumstances, a creditor who has obtained a judgment against the corporation, and whose execution has been returned *nulla bona*, may bring suits, by joining the corporation, against the persons who were stockholders at the time, or in any way liable for the debts of the corporation, to compel each stockholder to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of the stock after exhausting the assets of the corporation. Further, it authorized courts of equity, on good cause shown, to dissolve the corporation, and close up the corporate business, and to appoint a receiver who shall in all cases be a resident of the state of Illinois.

Counsel for appellants admit that the proceedings provided for in the twenty-fifth section can be taken only in the state of Illinois. It is a special remedy providing for contribution among the stockholders, and a possible dissolution of the corporation, and a winding up of its business. They contend, however, that the eighth section merely creates a liability, which is in the nature of a contract liability, and which is enforceable wherever the stockholder can be found.

The general rule upon this subject is very well established. Where a statute creates a right and prescribes a remedy for its enforcement, that remedy is exclusive. Where a liability is created, which is not penal, and no remedy is prescribed, the liability may be enforced wherever the person is found. The procedure will, however, be entirely governed by the law of the forum. If the law creating the liability provides for a particular mode for enforcing it, the mode limits the liability. If it be a contract, the parties here contracted with the

understanding that they can be held liable in no other way. (*Fourth Nat. Bank* v. *Francklyn,* 120 U. S. 747.) And such a liability cannot be enforced in another state. (*Young* v. *Farwell,* 139 Ill. 326; *Bank of North America* v. *Prindge,* 154 Mass. 203; 26 Am. St. Rep. 240; *Fowler* v. *Lamson,* 146 Ill. 472; 37 Am. St. Rep. 163; *Jessup* v. *Carnegie,* 80 N. Y. 441; 36 Am. Rep. 643; *Erickson* v. *Nesmith,* 4 Allen, 233.)

By the eighth section of the Illinois statute above quoted a special remedy is provided, and not only so, but plainly it was intended that it should be the only remedy.

By the first clause, apparently an absolute liability is imposed upon the stockholder for the debts of the corporation to the extent of the amount unpaid upon his stock. If this were all, the liability would be primary, and could be enforced without suing the corporation, and without reference to its solvency. In fact, nowhere in this section is it made of any consequence whether the corporation is solvent or insolvent; or whether or not it has assets which could be reached by ordinary writ. The next clause, however, expressly limits the collection of the debt to the mode prescribed, which is by garnishment. And this may be done whether the amount unpaid has been called in or not.

Whether this can be done, after the assets have been impounded, by the appointment of a receiver for the purpose of liquidation, will depend upon the laws of Illinois. It is said that it has been there held that it can be done by what is called equitable garnishment. It would not be so here. The unpaid subscription would, with other assets, pass to the receiver to be collected and disbursed under the direction of the court. The Illinois remedy cannot be imported here.

I think the question has been passed upon by the courts of Illinois in *Pease* v. *Underwriters' Union,* 1 Brad. 287, which was a proceeding under the eighth section. The court said: "It will be seen by the terms of this statute a new remedy is provided for the creditors of corporations, by providing that 'whenever any action

is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time . . . . as in case of garnishment.'   There has been some discussion between counsel in the case as to the proper form of procedure by the *usee*, Miller, to avail himself of this new remedy.

"There has been no judicial construction of this statute that we are aware of, and we are left to determine just what the mode of proceeding contemplated by the legislature was.

" We think the language employed in the statute is unambiguous, and, fairly interpreted, means that a creditor of a corporation may bring suit in any of the usual forms of action for any indebtedness due to him from such corporation, and, upon suing out summons, may, by virtue of this statute, sue out at the same time a garnishee summons, directed to any of the stockholders of such corporation whose subscription to the capital stock thereof is wholly or in part unpaid, and that by the service of such garnishee summons upon such stockholder prevent his further payment for such stock to the corporation, but hold the same in abeyance, to await the result of the trial of the original cause, and, when a recovery is had (if at all), the garnishee may be then compelled to respond to such judgment creditor instead of paying his said indebtedness to the corporation.

"This is briefly and substantially the proceeding which we think the state authorizes at the instance of a creditor of a corporation."

This language is unambiguous, and shows the construction given to the statute by the courts of Illinois. Independently of this ruling, we should have no difficulty in reaching the conclusion that the Illinois statute does not create a liability which can be enforced here. The intervenors, therefore, have no standing as litigants in the case, and the order and judgment are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J., MCFARLAND, J., and HENSHAW, J., concurred.