SHURLOW *v.* LEWIS.

CORPORATIONS—ACTIONS—STOCK AND STOCKHOLDERS — STATUTES.
The individual liability of stockholders for labor claims is not enforceable in an action at law by another stockholder as creditor and plaintiff. the remedy is in equity, where the rights of contribution may be considered and enforced: such creditor under the statute stands in relation to the other stockholders as a partner to other members of a firm, and cannot sue on the law side under 3 Comp. Laws, § 7065.

Error to Lenawee; O'Mealey, J.  Submitted April 8,
1912.  (Docket No. 70.)  Decided May 31, 1912.

Assumpsit by Edwin T. Shurlow against John F. Lewis
and other stockholders of the Michigan Southern Brick
& Tile Company for work, labor and services performed
for said corporation.  Judgment for plaintiff.  Defend-
ants bring error.  Reversed and no new trial granted.

*Frankhauser & Cornell* and *Lyman B. Trumbull,*
for appellants.

*Fellows & Chandler,* for appellee.

STONE, J.  In the absence of such a statement of facts
by appellants as the rule requires, it is perhaps sufficient
to state that plaintiff recovered a judgment against the
Michigan Southern Brick & Tile Company, a corporation
organized and doing business under the statute of this
State relating to manufacturing companies, alleged to be
for personal work and labor of the plaintiff for said corpo-
ration.  Said judgment was rendered on November 1,
1909, for $643.43 damages and costs of suit.  An execu-
tion was duly issued and returned unsatisfied in part, and,
for the purpose of collecting the amount remaining due
upon said judgment, this suit was brought against the
defendants as stockholders of said corporation under the
provisions of section 7065, 2 Comp. Laws, which statute
reads as follows:

" The stockholders of all corporations ·organized or ex-
isting under this act shall be individually liable for all
labor performed for such corporations, which said liability
may be enforced against any stockholder by action found-
ed on this statute, at any time after an execution shall be
returned unsatisfied, in whole or in part, against the cor-
poration, or at any time after an adjudication in bank-
ruptcy against said corporation, and the amount due on
such execution shall be *prima facie* evidence of the
amount recoverable, with costs against any such stock-
holder; and if any stockholder shall be compelled by any

such action to pay the debts of any creditor, or any part thereof, he shall have the right to call upon all the responsible stockholders to contribute their equal part of the sum so paid by him as aforesaid, and may sue them, jointly or severally, or any number of them, and recover in such action the amount due from the stockholder or stockholders so sued."

It appeared upon the trial of the case that the plaintiff was a stockholder of said corporation, he being the owner of 300 shares of the capital stock thereof during all of the time of the performing of the labor sued for in said suit against said corporation, and that the plaintiff and the defendants were stockholders of said corporation when this suit was begun. Other questions were in dispute upon said trial which, in the view we take of the case, it will not be necessary to dwell upon.

At the close of the plaintiff's evidence, the defendants moved for a directed verdict in their favor, upon the ground, among others, that it appeared and was undisputed that the plaintiff was a stockholder of said corporation, and that under the statute in question one stockholder cannot sue other stockholders in an action at law. The motion was denied by the trial court, and the case was submitted to the jury, they returning a verdict for the plaintiff for the full amount of his claim, and a judgment for plaintiff was rendered.

The defendants have brought the case here upon writ of error. The question whether the plaintiff being a stockholder can maintain this action in a court of law is properly raised by an assignment of error and has been thoroughly discussed by counsel for the respective parties, and we shall proceed to examine it.

Does this statute contemplate the right of a stockholder to sue his fellow stockholders in an action at law ? Is he of a class entitled to sue upon the law side of the court ? These questions have not received uniform rulings in the different States and we are at liberty to adopt the more reasonable rule. It is the claim of the defendants that the

plaintiff should have brought a suit for contribution on the equity side of the court, where the rights of all the parties interested could be ascertained, justly admeasured, and severally fixed. It is very clear that the plaintiff and defendants stand in the same relation to the corporation. If the defendants are personally liable on this labor debt, so is the plaintiff, because the statute provides that " the stockholders * * * shall be individually liable for all labor performed for such corporations." A bill in equity is the appropriate remedy for contribution. *McGunn* v. *Hanlin,* 29 Mich. 476; 10 Cyc. p. 801.

" The stockholders of a corporation are pre-eminently persons having a common interest and charged with a common burden, and if one, without his own fault, is compelled to pay a debt of the corporation, he can recover contribution from the others. Where the statute casts a personal liability for the debts of the corporation upon its stockholders, and one has been compelled to pay such a debt, he can sue the other stockholders for contribution; and equity is the proper forum, so that the liability of all may be determined." 7 Am. & Eng. Enc. Law (2d Ed.), p. 363, and cases cited.

The liability of stockholders under this statute for labor claims is substantially the same liability as that of partners. As we have already said, the rulings of the courts in the different States have not been uniform upon the question of the right of one stockholder, being a creditor, to sue other stockholders in an action at law.

In 3 Am. St. Rep. 870, in a lengthy note to the case of *Thompson* v. *Savings Bank,* appears the following language:

" It has already been observed that stockholders made individually liable for corporate debts are considered partners to such an extent that one stockholder, who is also a creditor of the corporation, cannot maintain an action at law against other stockholders " — citing *Bailey* v. *Bancker,* 3 Hill (N. Y.), 188 (38 Am. Dec. 625); *Wait* v. *Ferguson,* 14 Abb. Prac. (N. Y.) 379; *Beers* v. *Waterbury,* 8 Bosw. (N. Y.) 396; *Richardson* v. *Abendroth,* 43 Barb. (N. Y.) 162; *Clark* v. *Myers,* 11 Hun (N. Y.),

608; *Thompson* v. *Meisser*, 108 Ill. 359; *Perkins* v. *Sanders*, 56 Miss. 733. "Compare *Woodruff, etc., Iron Works* v. *Chittenden*, 4 Bosw. (N. Y.) 406; and, at all events, if the rule be not placed on this ground there are inherent difficulties in the suit at law. See *Mathez* v. *Neidig*, 72 N. Y. 100; *Garrison* v. *Howe*, 17 N. Y. 459. But where a stockholder is thus a creditor, or where he has been compelled to pay more than his share of a debt of the corporation to a creditor, he has a claim for contribution in equity against the other stockholders who are liable for the debt"—citing above cases, also *Judson* v. *Rossie Galena Co.*, 9 Paige (N. Y.), 598 (38 Am. Dec. 569); *Aspinwall* v. *Torrance*, 1 Lans. (N. Y.) 381.

In *Cocking* v. *Ward* (Tenn. Ch.), 48 S. W. 287, it is held that where a creditor who is also a stockholder seeks to enforce a statutory liability, he is entitled, not to the entire amount claimed by him as a creditor, but only to contribution, and his bill in equity must be based on that theory.

In 1 Cook on Corporations (6th Ed.), § 220, that author says:

"Perhaps the most difficult, unsettled, and unsatisfactory question concerning the statutory liability of stockholders is the question whether that liability must be enforced at law or must be in equity, or may be in either a court of law or of equity. After determining this point there arises the further difficulty of ascertaining who shall be parties plaintiff and parties defendant—whether one corporate creditor may sue, or all must join; whether one stockholder may be pursued as a single defendant, or all of the stockholders must be brought in. Not only must the decisions of the State in which the action is brought be examined, but it is necessary also to note carefully the wording of the statute creating the liability. Where the statute prescribes expressly the form of the remedy, it is the well-established rule that the remedy was intended by the legislature to exclude every other, and it must be strictly pursued."

In 4 Thompson on Corporations (2d Ed.), § 4851, that author says:

"There seems to be no good reason why the statutory

liability imposed upon stockholders is not intended for the benefit of stockholders who become good-faith creditors of the corporation. This is certainly the rule, unless the statute expressly or very clearly shows that its provisions were not intended for other stockholders. While the equities of a stockholder who is a corporate creditor might be worked out in the contract doctrine of contribution, yet it is very clear from many holdings that a stockholder creditor may proceed directly against other stockholders to enforce his statutory liability; but in such a case his own proportionate liability must be taken into account. Thus it has been said that a creditor who was a stockholder was not precluded from enforcing against other stockholders the balance remaining due after deducting the amount of his own liability"—citing *Bissit* v. *Navigation Co.* (C. C.), 15 Fed. 353, and other cases.

In *Perkins* v. *Sanders*, 56 Miss. 733, at page 742, the court says:

"When the creditor is a partner, as in this case, he cannot sue at law, for he is himself liable to pay the debts of the company; and if he were to sue, and recover satisfaction from one of the stockholders, this payment would make the paying stockholder a creditor of the company, and he might in turn sue the complainant and recover back the debt created by such payment. To obviate this, the complainant must come into equity, where there can be a full adjustment and settlement of all the rights of the parties.

"It is objected that the obligation of the stockholders is several and limited, and not joint. Our view is that each stockholder, just as a partner in an unincorporated association, is liable for all the debts of the company."

In *Thayer* v. *Tool Co.*, 4 Gray (Mass.), 75, the court, on page 80, said:

"To the creditor who is not a stockholder, each of the stockholders is not only jointly with the others, but severally, liable for the debt, and for the entire debt. To a creditor who is also a stockholder, each of the other stockholders is not severally liable, and for the entire debt, but only for his proportionate part thereof. The creditor therefore who is not a stockholder may, from any stockholder liable, get his whole debt. If he is a creditor and

also a stockholder, he may have contribution; he may have all the stockholder is bound to pay him and no more.

"But, upon the construction of the statute claimed by the plaintiff, he may collect from one stockholder, not only all that such stockholder is bound ultimately to pay, but all that the entire body of stockholders, including the plaintiff, is bound to pay. He may collect with his right hand what he must restore with his left. Take a plain case: The corporation owes to A. a debt of $1,000. A. and B. are the only stockholders liable for the payment of the debt. A. sues the corporation and levies his execution upon the property of B. B. brings his bill in equity against A. and compels him to pay back, by way of contribution, $500. It is but the momentary shifting of the burden which both must bear.

"We think the fair construction of the statutes leads to no such result. But while the plaintiff has, against the corporation, the power to sue at law and enforce his claim against the property of the company, his remedy, as against the other stockholders, is for contribution. And if his case is not within the Revised Statutes, chap. 38, § 32, it is within the provision of chapter 81, § 8, giving this court jurisdiction in equity on all suits for contributions by or between any persons who are respectively liable for the same debt or demand, where there is more than one person liable at the same time for contribution."

See *Potter* v. *Machine Co.*, 127 Mass. 592 (34 Am. Rep. 428), in which the court says in a case somewhat similar to this:

"In the opinion of the court, the remedy provided by the statute in question is intended only for creditors who are not members of the corporation, and cannot be availed of by creditors who are also stockholders."

See, also, *Thompson* v. *Paper Co.*, 127 Mass. 595. On page 598, Chief Justice Gray said:

"A creditor who is also a stockholder of a corporation, and as such liable for its debts, is not entitled to the remedies afforded by statute to creditors against stockholders for the debts of the corporation"—citing *Thayer* v. *Tool Co.*, *supra*, and the last above cited case.

In *Bailey* v. *Bancker*, 3 Hill (N. Y.), 188, Bronson, J., said:

" Can a creditor who is a stockholder recover his debt against the company from another stockholder? We are referred to the case of *Simonson* v. *Spencer*, 15 Wend. (N. Y.) 548, to prove that the action may be maintained. The late chief justice seems to have been of that opinion, but I do not find from the statement of the case that the plaintiff in that action was a stockholder in the company, nor did the reporter understand that any such point was decided. It must, I think, be regarded as an open question. We have considered this and other charters of a similar character as placing the stockholders on the same footing as though they had not been incorporated, and making them answerable as partners for the debts of the company. *Allen* v. *Sewall*, 2 Wend. [N. Y.] 327; *Moss* v. *Oakley*, 2 Hill [N. Y.], 265. If the stockholders are to be regarded as partners, or, what is the same thing, as an unincorporated association, it is then quite clear that one member cannot maintain an action against the others for a debt due from the whole (citing many authorities). In one respect the statute departs from the common-law rule in relation to partners, and gives an action against the stockholders *severally* as well as jointly; but I do not see that this alters the principle. It is still the case of one partner suing another for a debt due from the whole firm. And, although it is declared that ' any person ' having a demand against the company may sue, still I think the legislature did not intend to provide for creditors who were members of the corporation. They do not come within the reason and policy of the law which was made for the protection of third persons dealing with the company, and not for the benefit of the stockholders or copartners. They are left, and should in justice be left, to such remedies as had already been provided by law for the adjustment of partnership transactions. They may go into chancery for an account, and have the claims of all parties settled upon equitable principles.

" The statute gives the creditor an action against the stockholders *jointly* as well as severally, and the same construction which would give an action to a stockholder would authorize him to sue himself, which is absurd. But let us look a little further into the consequences of allowing one stockholder to sue another at law. When the defendant has paid the debt, he will then stand as the creditor of the company, and what is to hin-

der him from turning round and recovering the same money from the plaintiffs as stockholders ? The language of the statute is broad enough to include the one case as well as the other, and the equity would be just as strong in favor of allowing the defendant to recall the money after he has paid it as it is in allowing the plaintiffs to recover against him in the first instance. And thus the parties might alternately sue each other to the end of the chapter. The thing is preposterous."

This decision was rendered in 1842, while the case of *Simonson* v. *Spencer* (15 Wend. [N. Y.], 548), *supra*, cited by plaintiff's counsel, was decided in 1836.

In *Richardson* v. *Abendroth*, 43 Barb. (N. Y.) 162, the action was brought against the defendants as stockholders of the Warner Foundry & Machine Company, a manufacturing corporation, upon a judgment recovered by the plaintiff against the company for his services as secretary, his claim against the defendants being founded upon the eighteenth section of the act of 1848, by which stockholders of such corporations are made individually liable for debts due to their "laborers, servants, and apprentices for services performed for such corporation." Two defenses were set up by the answer: (1) That the plaintiff was an officer, not a servant, of the company. (2) That the plaintiff was a stockholder of the company during the time that his alleged services were rendered, and therefore was equally liable to the defendants for the payment of all debts for which stockholders are rendered liable by the act. The case was tried without a jury. The court, after speaking of the character of the services, used the following language:

"But upon another ground, I think judgment should be given for the defendants. An action will not lie by one stockholder against a fellow stockholder of a corporation, to enforce a personal liability for a debt of the company. To the extent of the personal liability created by the statute the corporators are partners, and one partner cannot sue a copartner for a debt due from all "—citing *Bailey* v. *Bancker*, *supra*; *Andrews* v. *Murray*, 33 Barb. (N. Y.) 354. "The plaintiff was, at the time of the

contracting of the debt, a stockholder of the company, liable for this class of its debts; liable to the creditors of the corporation, and liable to contribute to the other stockholders. His liability was absolute, and whether called upon by a stranger, a creditor, upon the original liability, or by his fellow stockholders, to contribute, can make no defense."

Upon appeal to the general term, the judgment was affirmed on the authorities cited. It is well to here note the fact that the New York statute is in all essentials like our own.

*Clark* v. *Myers*, 11 Hun (N. Y.), 608, was an action brought by the plaintiff, a stockholder of a manufacturing corporation, against the defendant, who was also a stockholder thereof, to recover a portion of certain judgments recovered against the plaintiff by laborers employed by the company, which judgments he had subsequently paid. Held that he could not maintain an action at law against a single stockholder, but must bring his suit in equity against them all.

Plaintiff's counsel have called our attention to *Norris* v. *Johnson*, 34 Md. 485; *Simonson* v. *Spencer, supra; Woodruff, etc., Iron Works* v. *Chittenden*, 4 Bosw. (N. Y.) 406; *Fowler* v. *Lamson*, 146 Ill. 472 (34 N. E. 932, 37 Am. St. Rep. 163); 4 Thompson on Corporations, § 4851; *Brinham* v. *Coal Co.*, 47 Pa. 43; *Dauchy* v. *Brown*, 24 Vt. 197; *Guerney* v. *Moore*, 131 Mo. 650 (32 S. W. 1132); *Russell* v. *Railway Co.*, 113 Cal. 258 (45 Pac. 323, 34 L. R. A. 747); *Pollard* v. *Bailey*, 20 Wall. (U. S.) 520; *Oswald* v. *Minneapolis Times Co.*, 65 Minn. 249 (68 N. W. 15).

An examination of *Norris* v. *Johnson, supra*, shows that it had no reference to a case where the creditor was also a stockholder, and we are unable to see how the reasoning used there has application here. Neither are we able to agree with counsel in the claim that in Massachusetts all creditors must pursue their remedy in a court of equity. An examination of the cases we have cited will show that this is not the case.

We have already called attention to the fact that *Simonson* v. *Spencer, supra,* was decided six years before *Bailey* v. *Bancker, supra.* It is also worthy of notice that *Simonson* v. *Spencer, supra,* involved the construction of a provision subjecting the stockholders jointly and severally to the payment of the debts of the company to the nominal amount of the stock held by them. This language would seem to do away with the idea of contribution.

We are dealing with a case where each stockholder is individually liable for all the labor debts of the corporation. He can be sued again and again until all the debts are satisfied, and his liability is not limited to the amount of stock he holds, and he may call upon other responsible stockholders to contribute. We think there is a plain distinction between the instant case and that of *Simonson* v. *Spencer, supra.*

A reference to the case of *Woodruff, etc., Iron Works* v. *Chittenden, supra,* will readily distinguish it from the line of cases which we have examined. There again the stockholders were liable only to the amount of stock each owned. If a stockholder paid this amount it would be a bar to any further action against him, no matter how many debts were unpaid. It is worthy of note, also, that in that case the court called attention to the fact that that action was not brought by a stockholder, but by the assignee of men who were formerly stockholders.

In this connection we call attention to *Beers* v. *Waterbury,* 8 Bosw. (N. Y.) 396. At page 413, the court said:

"As to the appellants' claim to an allowance, by way of counter-claim, founded on the fact that the plaintiff was a stockholder; we think that the question involved therein is not open to discussion. The case of *Bailey* v. *Bancker,* 3 Hill [N. Y.], 190 [38 Am. Dec. 625], must be deemed to dispose of this question. The appellant Waterbury, being himself a stockholder, can only set up the claim in a proper action against the stockholders generally for a contribution."

This case was decided in 1861, a number of years after *Woodruff, etc., Iron Works* v. *Chittenden, supra.*

In *Clark* v. *Myers, supra,* the court used the language that stockholders were partners, *at least to the extent of those debts owing to laborers.* This case puts in apt language precisely what we have tried to state, that the relation of stockholders under our statute, as between themselves, is that of partners as to their liability for labor debts.

In *Fowler* v. *Lamson, supra,* the Illinois court simply holds that the remedy contained in the Kansas statute must govern in that case; the action being founded upon the statute of that State.

In *Brinham* v. *Coal Co., supra,* the decision seems to turn strictly upon the proposition that the statute itself is so worded as to exclude a resort to equity. Speaking of the principle involved, Thompson, in his work on the Liability of Stockholders, at section 271, where the author is dealing with the subject of the forum, says:

" In Pennsylvania, under the statute relating to manufacturing companies, the creditor proceeds by an action at law upon the original contract, joining the corporation and the stockholders; and he may do this even though he is himself a creditor. Nay, if he has been compelled to pay a debt of the corporation and is suing for contribution, he proceeds at law against the company and his co-stockholders; the statute is held to exclude a resort to equity."

And the author then cites the above case. There the statute points out the remedy to be pursued as one expressly on the law side of the court.

*Dauchy* v. *Brown, supra,* deals with the proposition as to whether the liability of the stockholder was primary or secondary, and states that the statutory remedy must be pursued and was exclusive.

In *Guerney* v. *Moore, supra,* the court uses the following language:

" The cases which hold that the only remedy of a stockholder is for contribution are based on statutes making them absolutely liable for all debts of the corporation, but under the Kansas statute and our own, the stockholders

are not sureties for each other.   There is no joint and several liability, nor does the statute make them copartners. Each stockholder simply becomes liable to the creditors of the company for an amount equal to the amount of his stock, or double the amount, as the statute prescribes; but there is nothing which forbids a stockholder becoming a creditor of the corporation or invoking the remedies open to other creditors."

We think this case is readily distinguished from the line of cases first cited by us.

While the authorities cannot be reconciled, we are of opinion that the great weight of authority is to the effect that under a statute like ours, where the relation of stockholders is like that of partners, making the stockholders jointly and severally liable for the payment of all labor debts, one stockholder cannot sue other stockholders in an action at law to enforce a debt to the former by the corporation, but his remedy is in a court of equity for contribution.   This view of the case renders it unnecessary to consider the other questions raised and discussed.

In our opinion, plaintiff has no standing in this suit, and the judgment of the circuit court is reversed, and no new trial granted.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred.   BIRD, J., did not sit.