:83 Fed 295
85 Fed 824

SIDNEY TUTTLE

161   497
176   493
161   497
84a 562

*v.*

THE NATIONAL BANK OF THE REPUBLIC OF ST. LOUIS.

*Filed at Springfield March 30, 1896—Rehearing denied June 5, 1896.*

1. CONSTITUTIONAL LAW—*when constitutional provisions are self-executing.*   Where it is apparent, after giving full force to the whole of a constitutional provision relating to a particular subject, that it was intended to take immediate effect without ancillary legislation, and the language is free from ambiguity, the court will declare it self-executing, particularly where a contrary construction would thwart the purpose of such provision.

2. SAME—*provision of constitution of Kansas as to liability of stockholders not self-executing.*   The provision of the Kansas constitution that "dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law," is not self-executing, it appearing from the provision itself that legislation is contemplated as necessary for its enforcement. (BAKER, MAGRUDER and CARTWRIGHT, JJ., dissenting.)

3. CONFLICT OF LAWS—*construction of foreign constitutions and statutes.*   Where the courts of a State have not construed the constitution and statutes of their State relating to a particular subject, our courts will construe them in the light of the recognized rules and principles of construction applied in this State.

161—32

4. SAME—*special remedies against stockholders are local only.* A special statutory remedy against stockholders, unknown to the common law, provided by the State of such corporation's domicil, cannot be enforced beyond the jurisdiction which creates it.

5. SAME—*how far the principle of comity controls.* A special remedy provided by legislation in a foreign State will not be enforced in this State upon the principle of comity.

6. SAME—*remedy against stockholder. of an insolvent Kansas banking corporation.* An individual creditor of an insolvent Kansas bank cannot maintain an action in this State for his debt against an individual stockholder of the bank by virtue of the Kansas constitution and statutes. (BAKER, MAGRUDER and CARTWRIGHT, JJ. dissenting.)

7. SAME—*courts of corporation's domicil must first determine relations of parties.* Until, by an appropriate proceeding in the Kansas courts, the relations of the creditors, stockholders and corporation to each other have been determined and the proportionate share of the indebtedness to be borne by each solvent stockholder has been ascertained, no remedy can be had against a stockholder in Illinois. (BAKER, MAGRUDER and CARTWRIGHT, JJ., dissenting.)

*Tuttle* v. *National Bank of the Republic,* 48 Ill. App. 481, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

A. E. DEMANGE, for appellant:

Special remedies having been provided for the enforcement of the individual liability of stockholders created by the laws of Kansas, those special remedies alone can be pursued to enforce that liability. *Fowler* v. *Lamson,* 146 Ill. 479.

Individual liability cannot be enforced in a jurisdiction other than that in which the corporation exists, because the special remedy given to creditors of a corporation against its stockholders cannot be enforced in another State. *Fowler* v. *Lamson,* 146 Ill. 480.

These two jurisdictional principles announced by the court are supported by the following authorities therein cited: *Bank* v. *Francklyn,* 120 U. S. 747; Thompson on Stockholders, sec. 56; Cook on Stockholders, sec. 219;

*Lowry* v. *Inman,* 46 N. Y. 119; *Christenson* v. *Eno,* 106 id. 97; *Minnick* v. *Iron Works,* 25 W. Va. 184; *Young* v. *Farwell,* 139 Ill. 326; *Bank* v. *Rindge,* 154 Mass. 203.

The most recent and best considered decisions of this court require that the remedy in such cases as this, if any there be, shall be sought in equity, and do not permit suit at law by a single creditor, alone, for his own benefit. *Low* v. *Buchanan,* 94 Ill. 76; *Harper* v. *Union Manf. Co.* 100 id. 225; *Rounds* v. *McCormick,* 114 id. 252; *Queenan* v. *Palmer,* 117 id. 626; *Richardson* v. *Aiken,* 87 id. 138; *Eames* v. *Doris,* 102 id. 350; *Robertson* v. *Noeninger,* 20 Ill. App. 227.

KERRICK, LUCAS & SPENCER, for appellee:

It must be admitted that the Supreme Court of Kansas is the final and only arbiter as to the true meaning and proper interpretation of the constitution and the statutes of Kansas. All the cases so hold. *Elmendorf* v. *Taylor,* 10 Wheat. 152; *Shelby* v. *Guy,* 11 id. 367; *Christy* v. *Pridgeon,* 4 Wall. 196; *South Ottawa* v. *Perkins,* 94 U. S. 267; *Chase* v. *Curtis,* 113 id. 452; *Jessup* v. *Carnegie,* 80 N. Y. 441; *Hoyt* v. *Thompson,* 3 Sandf. 421; *Union Nat. Bank* v. *Bank,* 136 U. S. 223; *Savings Ass.* v. *O'Brian,* 51 Hun, 45; *Lane* v. *Watson,* 51 N. J. L. 186; Cook on Stockholders, 243, note 1; *Howe* v. *Walsh,* 14 Daly, 80.

When a person becomes a stockholder in a corporation organized under the laws of a foreign State, he contracts with reference to the laws of that State, and his liability as a stockholder is to be determined with reference to the laws of that State. *Flash* v. *Conn,* 109 U. S. 371; *Patterson* v. *Lynde,* 106 id. 519, and 112 id. 196; *Howell* v. *Manglesdorf,* 33 Kan. 194; *Dry Goods Co.* v. *Abbey,* 44 id. 416; *Perry* v. *Turner,* 55 Mo. 418; *Altman's Appeal,* 98 Pa. St. 505; *Shaffer* v. *Moriarity,* 46 Ind. 9; *Hill* v. *Beech,* 12 N. J. Eq. 31; *Crease* v. *Babcock,* 10 Metc. 525; *Seymour* v. *Sturgis,* 26 N. Y. 134; *Payson* v. *Withers,* 5 Biss. 269; *Insurance Co.* v. *Merchants,* 11 Humph. 133; *Lowry* v. *Inman,* 46 N. H. 119;

*Bank* v. *Gurtin*, 42 Minn. 327; *Pettibone* v. *McGraw*, 6 Mich. 441; 2 Morawetz on Private Corp. secs. 874-902.

In the absence of legislation to the contrary, the proper way of enforcing such liability is by an action at law. *Corwith* v. *Culver*, 69 Ill. 502; *Fuller* v. *Ledden*, 87 id. 310; *McCarthy* v. *Lavasche*, 89 id. 270; *Hull* v. *Burtis*, 90 id. 213; *Eames* v. *Doris*, 102 id. 350; *Buchanan* v. *Meisner*, 105 id. 638; *Thompson* v. *Meisner*, 108 id. 359; *Thebus* v. *Smiley*, 110 id. 316; *Root* v. *Sinnock*, 120 id. 350; *Schalucky* v. *Field*, 124 id. 620.

In *Dry Goods Co.* v. *Abbey*, 44 Kan. 416, the exact question was raised and decided. The opinion in that case was offered in evidence on the trial of this cause, and is a part of this record.

A refusal to grant a remedy in a case of this kind would not be a refusal to enforce a foreign law. It would simply be a denial of justice. Morawetz on Corp. sec. 875.

The decision of the Supreme Court of Kansas in the *Abbey case, supra,* settles it that by the law of Kansas each stockholder is directly liable to a creditor for an amount equal to the amount of his stock. And the rule has been laid down by the Supreme Court of Illinois in a number of cases, that the stockholders, with respect to their personal liability under such a provision, are, in effect, partners, and are liable to the creditors of the corporation to an amount equal to the amount of stock held by them, respectively. *Fuller* v. *Ledden*, 87 Ill. 301; *Thompson* v. *Meisner*, 108 id. 359; *Schalucky* v. *Field*, 124 id. 620.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The National Bank of the Republic of St. Louis, Missouri, appellee, recovered a judgment against Sidney Tuttle, appellant, by reason of his being a stockholder in the Edwards County Bank of Kansas, which became insolvent owing appellee.

Section 2 of article 12 of the constitution of the State of Kansas provides: "Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but said individual liability shall not apply to railroad corporations, nor corporations for religious and charitable purposes."

A right of action against a stockholder of a corporation ordinarily exists only by virtue of some statutory enactment. It did not exist at common law. It is of importance to determine, at the threshold of this case, whether this provision of the constitution of the State of Kansas is self-executing. When it was declared by that instrument that "dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law," it is apparent legislation was contemplated as necessary to provide a means of enforcing the liability and determining the manner by which "such other means as shall be provided by law" should be made effectual as securing dues from corporations. That provision seemed to impose on the legislature the duty of securing dues from corporations, but limited the power and discretion of that body as to the extent to which it could make stockholders liable. It is only in exceptional cases that constitutional provisions enforce themselves. Usually they must be supplemented by legislation, to become operative. The intention of the instrument must ordinarily prevail, and in its ascertainment we must look at the consequences of a particular construction. Constitutional provisions, like statutes and private instruments, must be construed, if possible, so as to give effect and some force to each of their provisions. By legal intendment each and every clause has been inserted for some purpose, which, when rightly understood, may have

some practical result. There may, in construction, be transposition of sections, paragraphs and sentences, and words may be restricted or enlarged; but it is unauthorized to take a part of a paragraph or section and construe that without reference to another part of the same paragraph or sentence. Where it is apparent that a particular provision of the organic law shall go into immediate effect without ancillary legislation, and this can be determined by giving full force and effect to all its clauses relating to the same subject, and the language is free from ambiguity, then it becomes the imperative duty of judicial tribunals to declare it self-executing; and where the provision is unambiguous, and the purpose of the provision would be frustrated unless it be given immediate effect, it will be held self-executing.

In determining the purpose of this provision of the constitution of the State of Kansas, it is obvious the central idea and purpose were the protection of creditors of corporations other than railroads, or those designated as religious or charitable corporations. To secure this, a liability was declared against stockholders to an additional amount equal to the stock owned by such stockholders, "and such other means as shall be provided by law." If this provision is to be treated and construed as self-operating, then the clause, "and such other means as may be provided by law," must be rejected as meaningless and held without force or effect. The creditor must be confined to the security of the individual liability of stockholders to an amount equal to the stock owned by such stockholders. In the attempt to give construction to this clause of the constitution of the State of Kansas in the absence of legislation, we are confronted with a serious difficulty and much ambiguity. What stockholders are liable for dues to corporations? When are they liable? Is it the holder of the stock at the time the indebtedness is created, or at the time the indebtedness became due, or at the time suit is instituted to recover the dues owing

by the corporation? All these questions arise in each case and will not down without an answer. The instrument itself gives no light to determine these questions. Different tribunals of that State would doubtless be in a maze of doubt on attempting to answer the questions, and doubtless would reach different conclusions. To treat the provision as self-operating would do violence to two leading principles of construction: by rejecting a clause of the instrument and giving it no force and effect, and holding an ambiguous clause self-executing when that clause is of the most doubtful construction. It is apparent from a consideration of the provision itself, legislation was contemplated as necessary to carry it into effect and enable the remedy to be applied and give the intended security to the creditor, and the clause cannot be treated or construed as self-operative. *Wing* v. *Black*, 77 Wis. 101; *Groon* v. *Slaughter*, 15 Pet. 449; *Marly* v. *Thayer*, 3 Fed. Rep. 737; *Fusz* v. *Spannhorst*, 67 Mo. 256; *French* v. *Teschemaker*, 24 Cal. 518; *Larabee* v. *Baldwin*, 35 id. 155; *Marshall* v. *Sherman*, 148 N. Y. 9.

In the case last cited the identical provision of the constitution of the State of Kansas, and the legislation thereunder, were before that court for consideration, and the provision of the constitution was held not self-operating, and it was also held the special remedies provided by the legislature of the State of Kansas could not be applied in another jurisdiction, but when resort was had to the courts of another State, the remedy there provided and the practice and procedure of its courts must be resorted to. That case is directly in point on the question presented in this record. We are referred to no case in which the provision has been held self-executing by the highest court in that State, and in the absence of such decision by such court any other method of interpretation would do violence to recognized rules of construction adopted by this court. Where the courts of that State have not construed the provisions of their constitution,

when the question is presented to us we have the right to adopt our own methods of construction.

The legislature of the State of Kansas has not adopted any statute declaratory of the question as to the extent of the security of dues from corporations, and as to the time a stockholder's liability attaches with reference to the time of contracting the indebtedness,—whether the time is when the debt became due, or when suit is brought by the creditor. The legislature of that State, by such legislation as has been enacted, has only attempted to declare the remedy, and has adopted two statutory provisions, the first of which is as follows: "If any corporation created under any statute of the State of Kansas, except railroad and charitable or religious corporations, be dissolved leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit, and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of the dissolution for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from the property of such stockholders, respectively; and if any number of the stockholders, defendants in the case, shall not have property enough to satisfy his or their portion of the execution, then the amount of the deficiency shall be divided equally among all the remaining stockholders and collections made accordingly, deducting from the amount a sum in proportion to the amount owned by the plaintiff at the time the corporation dissolved." And the other of said statutes reads thus: "If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal

in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion such court may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

In determining the construction of these provisions of the statute of the State of Kansas, and considering the remedies provided, and bearing in mind there is neither a constitutional nor statutory liability effectively declared in that State, we must construe these statutes, with reference to the remedy, in the light of such rules and upon such principles as the courts of this State apply in the construction of such enactments. The remedy provided by the second clause of the first section quoted, and by the second section by the above quoted legislation, is a remedy unknown to the common law, and it is a remedy existing only by force of the statute of the State of Kansas. The principle is uniformly recognized that the relation of a stockholder to the corporation is determined by the laws of the State of the creation of the corporate body, and where the law of the domicil of the corporation creates a special remedy that remedy cannot be enforced except within the jurisdiction of the domicil of the artificial body. *Erickson* v. *Nesmith,* 4 Allen, 233; *Morgan* v. *Neville,* 74 Pa. St. 52; *Waldron* v. *Ritchings,* 3 Daly, 288; *Slegel* v. *Robinson,* 56 Pa. St. 19; *Ludlow* v. *Van-Rensaler,* 1 Johns. 95; *Post* v. *Railroad Co.* 144 Mass. 341; *Bank* v. *Rindge,* 154 id. 203; *Marshall* v. *Sherman, supra.*

In this case the right to recover rests on the statute of the State of Kansas alone, as the constitutional provision is not self-enforcible, and the liability is only at-

tempted to be made resultant from legislation providing a special remedy and by the construction placed on that legislation by the courts of that State. The statutes of the State of Kansas have no force and effect in another State, and the enforcement of a remedy in this action in this State depends upon our express or tacit assent, which is usually expressed as the comity between States. The extent to which this principle of comity may proceed is subject to qualifications and restrictions which, in almost all cases, are to be determined by the particular sovereignty. A remedy special to a particular foreign State is not, by any principle of comity, enforcible here, and must be applied within the jurisdiction of the domicil of the corporation. *Fowler* v. *Lamson*, 146 Ill. 472; *Young* v. *Farwell*, 139 id. 326; *Christenson* v. *Eno*, 106 N.Y. 97; *Bank* v. *Dillinghaus*, 147 id. 603; *Lowry* v. *Inman*, 46 id. 119.

Under the entire provisions of the statutes quoted, it becomes of material importance to inquire whether the proposed remedy therein provided is enforcible here. This presents a question of much interest and importance. It is of the highest moment that full faith and credit be given by each State to the judicial proceedings of sister States. This may be done without giving extra-territorial effect to the legislation of sister States. Each State determines its method of procedure in its courts, and their jurisdictions. In this there is neither injustice nor hostility to a sister State. But it would be hostile to every principle of sovereignty to be compelled to import into this State the peculiar remedies and various special methods of procedure invented by the legislation of the various States. This principle has been generally recognized. *Young* v. *Farwell, supra; Patterson* v. *Lynde*, 112 Ill. 196; *May* v. *Block*, 77 Wis. 101; *Minnick* v. *Iron Works Co.* 25 W. Va. 184; *Allen* v. *Walsh*, 25 Minn. 543; *Peck* v. *Miller*, 39 Mich. 594; *Barreck* v. *Tifford*, 47 Ohio St. 181; *South* v. *Huckabee*, 53 Ala. 191; *Ferry* v. *Little*, 101 U. S. 216; *Tube Works Co.* v. *Ballou*, 146 id. 517.

This proceeding in our courts is, in brief, an application to the courts of this State for a recognition of a special remedy provided by the statutes of another State, on the ground of comity, which would be in contradiction of methods of procedure and practice adopted under our judicial remedies in such cases, and would work an injustice towards our own citizens.   The Kansas statute gives a creditor of a corporation certain remedies against a stockholder, and gives such stockholder certain rights against other stockholders for contribution, etc.   By the first clause of the quoted statute it at first blush seems to recognize that an action at law against the individual stockholder may be had without the jurisdiction of the courts of Kansas.   It does not, in the same action, secure the rights of the creditor, the corporation and the stockholder.   It recognizes the right of the stockholder to bring in other stockholders for contribution in the same proceeding, and is therefore a special remedy.

The important question to be here determined is, whether the courts of this State will, in any form, take jurisdiction of a question arising as to the respective relations of creditors and stockholders of a corporation of another State, where a special remedy is provided by statute, before there is a determination by the courts of such State of the just proportion of the corporate indebtedness to be borne by solvent stockholders of such corporation.   No decree of the courts of this State could result in taking an account and dissolving a corporation of another State.   It is for the courts of that State to enter a decree stating the account, winding up the affairs of the corporation and determining the relations of the stockholders, creditors and corporation to each other.   When that question has been determined by the courts of that State, then, if it becomes necessary, the creditors, stockholders and the corporation, or its representative, may, as against stockholders who are domiciled here, appeal to the courts of this State, and have, as against

such domiciled stockholders, adequate relief. *Young* v. *Farwell, supra,* and cases cited; *Fowler* v. *Lamson, supra.*

It only, then, becomes necessary to determine whether such determination has been had by the courts of Kansas. This plaintiff ·had become a creditor of the Edwards County Bank, in which the defendant was a stockholder, which bank was dissolved and a receiver appointed therefor. The plaintiff brought suit against the bank and receiver and recovered a judgment, on which execution issued and was returned no property found. This suit was then instituted. Here the relations to each other of the various creditors, stockholders and corporation had not been determined. Yet the Supreme Court of that State has held, under the foregoing statutes a stockholder is individually liable to creditors of the corporation to an additional amount equal to the stock owned by him. (*Hentig* v. *James,* 22 Kan. 326; *Howell* v. *Manglesdorf & Co.* 33 id. 194; *Bank* v. *Sewing Society,* 28 id. 423; *Abbey* v. *Grimes Dry Goods Co.* 44 id. 415.) Each of these cases, however, was with reference to the special remedies provided by that State. Such special remedies for the enforcement of the liability thereunder can only be resorted to within the jurisdiction of that State, and can have no effect here. *Bank* v. *Francklyn,* 120 U. S. 747; *Fowler* v. *Lamson, supra.*

Under section 14, chapter 33, of the laws of Kansas relating to insurance companies, this constitutional provision was attempted to be enacted into a statute, and in *Grund* v. *Tucker,* 5 Kan. 70, the Supreme Court of that State substantially held with reference to that provision, that where a statute confers a right and prescribes a remedy, that remedy only can be pursued; and further held the stockholder was primarily liable, and if he ought to have contribution he may bring the other stockholders before the court in the same proceeding. The very statement of this proposition is sufficient to show such remedy could not be applied, under the practice in

this State, in an action at law.   This suit at law cannot be maintained in the courts of this State under the facts appearing in this record.

The judgments of the Appellate Court for the Third District and of the circuit court of McLean county must each be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE BAKER, dissenting:

I am unable to concur in this decision.   I think the judgments of the circuit and Appellate Courts should be affirmed.   The provision in the constitution of the State of Kansas, that "dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder," as interpreted by the legislature and by the Supreme Court of that State, is self-executing, and that interpretation should be adopted and followed.   While the liability is statutory, it is one which arises upon the contract of subscription, and an action to enforce it is transitory.   The liability is not to the corporation, nor to the creditors of the corporation as a class, but to each individual creditor as security for "dues from the corporation."   It is not a joint liability of the stockholders, but a several liability of each stockholder.   The rule is, that a liability arising out of contract, though created by a constitution or statute, and such constitution or statute providing no remedy, may be enforced by an appropriate common law action in any court having jurisdiction of the subject matter and the parties.   The liability, though secondary to that of the corporation and in the nature of a guaranty, is at the same time an original and independent liability, that exists as between the stockholder in his individual capacity and the creditor in his individual capacity, and that is created by the contract of subscription.   It is not a right or equity that must be worked out through the corporation itself, and therefore this case is not governed by the decisions in *Patterson* v.

*Lynde,* 112 Ill. 196, *Young* v. *Farwell,* 139 id. 326, and other like cases.   The view I have taken is supported by *Howell* v. *Manglesdorf & Co.* 33 Kan. 194, *Abbey* v. *Dry Goods Co.* 44 id. 415, Cooley's Const. Lim. (6th ed.) 99, *Pollard* v. *Bailey,* 20 Wall. 520, *Flash* v. *Conn,* 109 U. S. 371, *Fourth Nat. Bank* v. *Francklyn,* 120 id. 747, *Dennick* v. *Railroad Co.* 103 id. 11, *Fairfield* v. *County of Gallatin,* 100 id. 47, *Wincock* v. *Turpin,* 96 Ill. 135, *Schalucky* v. *Field,* 124 id. 617, *Schertz* v. *First Nat. Bank,* 47 Ill. App. 124, and numerous other authorities.

I am authorized by Justices MAGRUDER and CARTWRIGHT to say that they concur in the views I have expressed.