HANCOCK NATIONAL BANK *vs.* JONATHAN W. FARNUM.

PROVIDENCE—APRIL 14, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The provisions of the federal constitution requiring full faith and credit to be given in each State to the public acts, records, and judicial proceedings of every other State, relate to statutes, judgments, and decrees.

Opinions of courts are not judgments.

Although a court in the interpretation of the statutes of its own State will be followed by other courts, there is no rule of comity or law that a court should be followed when its opinion is simply its interpretation of general legal principles.

Still less is such opinion binding when it is not a decision but merely a *dictum.*

However much the provisions which make a stockholder liable for debts of a corporation may differ in the several States, they are essentially the same in principle; they declare a liability and provide for its enforcement.

Such liability is statutory and not contractual.

A right of action created by statute in one State may be prosecuted in another when the two States have statutes substantially similar; but comity between States does not require one State to enforce the statutory provisions of another State which are contrary to the policy of its own laws.

ASSUMPSIT.    Heard on demurrer to the declaration.

STINESS, J.    The declaration sets out that the plaintiff is a creditor of the Commonwealth Loan and Trust Company, a corporation under the laws of Kansas, upon a judgment of the U. S. District Court for the district of Kansas; that execution issued on said judgment, which has been returned unsatisfied; that the defendant holds ten shares of the stock of said company, of the par value of one hundred dollars each; that he owes the plaintiff the sum of one thousand dollars under the laws of Kansas, which provide that execution for an amount equal to his stock may issue against a stockholder, when property of the corporation cannot be found whereon to levy an execution against the corporation, or that the plaintiff may proceed by action to charge the stockholder; that by the constitution of Kansas, and by decisions of its Supreme Court, the liability of the stockholder is contractual, several, and transitory; and that, having been so decided, under the provisions of the constitution of the United States an action on such liability may be had in this State.    Art. 12, § 2, of the constitution of Kansas; Art. IV, Chap. 23, Par. 1192, of the Kansas statutes, and the decisions of the Supreme Court of Kansas in *Howell* v. *Manglesdorf*, 33 Kan. 194; *Abbey* v. *Dry Goods Co.*, 44 Kan. 415; and *Wells* v. *Robb*, 43 Kan. 201, are made a part of the declaration.

The defendant demurs to the declaration.

The plaintiff does not claim that a purely statutory liability

in one State is a cause of action in another State, but that when it is of a contractual nature, or of a kind adapted to the *lex fori*, it is a cause of action. Accordingly it seeks to bring this case within the contractual class, and its proposition is this:

The law is construed in Kansas to constitute a contract; full faith and credit must be given to this construction, as a judicial proceeding, in other States; hence the plaintiff is entitled to enforce, in this State, the liability of a stockholder in a Kansas corporation, as on a contract.

The argument is pressed with ability and plausability, but we are not able to see that it is applicable to this case. The declaration does not aver that the defendant has made a contract, nor that the law under which the corporation exists has made him a contracting party, but that an opinion of the Supreme Court of Kansas says that the relation between a stockholder and a corporation creditor is that of a contract.

The provision of the federal constitution relates to statutes, judgments, and decrees. These are the things which are to have full faith and credit in the several States. Opinions of courts are not judgments; and although a court, in the interpretation of the statutes of its own State, will be followed by other courts, there is no rule of comity or law that a court should be followed when its opinion is given simply upon its interpretation of general legal principles. Still less would an opinion be binding when it is not a decision, but merely a *dictum*. It does not appear to us that the opinion of the Supreme Court of Kansas, which is relied on in this case on the matter of contract, was, as to that question, anything more than a *dictum*. *Howell* v. *Manglesdorf* is the leading case. But the question to be decided was whether execution could be ordered, against a non-resident stockholder, upon a notice served outside of the State; and the court said that it could not. Incidentally the court said that the liability was statutory and in the nature of a guaranty. But this was not a question in the case, nor was the statement one which applied to any interpretation of the statute involved in the question at issue. It was only a remark upon the general

nature of the liability, in connection with the statement that it was independent of that of the company ; and at the close of the opinion the *dictum* is added that an action may be brought in any State where service can be made.    *Abbey* v. *Dry Goods Co.*, 44 Kan. 415, and *Howell* v. *National Bank*, 52 Kan. 133, simply decided that stockholders must be sued separately.    *Plum* v. *Bank*, 48 Kan. 484, and *Van Demark* v. *Barons*, 52 Kan. 779, decided that stock must be transferred on the books of the bank.    None of these cases decide that a contract arises under the statute, and even if it did it would be a decision on general legal principles and not an interpretation of the statute itself.    Assuming, however, that the opinion of the Supreme Court of Kansas is that the relation of a stockholder to creditors is contractual, it is not a binding opinion upon us ; it is not a judgment to which full faith and credit must be given under the federal constitution, and, giving to it the high respect which is due to the court from which it comes, it still falls short of establishing, as a matter of pleading in this declaration, the fact of a contract by the defendant in Kansas, by virtue of the statute.    The clause of the constitution of Kansas, cited in the declaration, does not create, or purport to create, the liability.    It is not a self-executing provision, but one which implies that legislation is necessary to carry it into effect.    *Marshall* v. *Sherman*, 148 N. Y. 9.    The Supreme Judicial Court of Massachusetts overruled a demurrer to a similar declaration in *Hancock Bank* v. *Ellis*, 166 Mass. 414 ; but it did so upon the ground that the declaration set out that the defendant, according to the law of Kansas, was liable to a judgment creditor of a corporation, as upon a contract which is suable anywhere. It does not appear that the court made any examination of the law in Kansas, nor that the decisions, upon which the contractual liability is supposed to rest, were made a part of the declaration.    The declaration averred a judicial interpretation that the law declared the liability to be contract, and, being so set out, the court said that the declaration stated a case ; thus achieving, in the apt words of the defendant's counsel in this case, "a temporary triumph of mendacious

pleading." From this examination we think it sufficiently appears that the declaration states no case of a contract under the decisions of the Supreme Court of Kansas or the constitution of the State.

We come, then, to the question whether we can construe the statute of Kansas to create a contractual relation. However much the provisions which make a stockholder liable for debts of a corporation may differ in the several States, they are essentially the same in principle. They declare a liability and provide for its enforcement. In this respect the statute of Kansas is like our statute, which makes stockholders of manufacturing corporations liable for corporate debts until the capital stock is paid in and a certificate filed. In *Sayles* v. *Bates*, 15 R. I. 342, this court decided that the liability was statutory and not contractual, and so held a married woman to be liable as a stockholder. Certainly the ordinary elements of a contract are wanting. The minds of the stockholder and corporation creditor have not met upon the subject matter of the original debt; no credit has been given to the stockholder directly; he has not directly received the consideration, nor has he made a promise express or implied. There is nothing between them which at common law would be regarded as a contract. But the statute imposes a liability upon grounds of equity and public policy. The cases which hold the liability is contractual do so either upon the theory that, in subscribing to the stock, the stockholder has assumed the liability as a contract, or that, by reason of his relation to the corporation, he has become a guarantor of its debts. See *Flash* v. *Conn*, 109 U. S. 371; *Ferguson* v. *Sherman*, 47 Pac. Rep. 1023 (Cal.); *Paine* v. *Stewart*, 33 Conn. 516, as to the subscription; and *Howell* v. *Manglesdorf*, *supra*, as to the guaranty. It is impossible to refer to all the cases, and these are sufficient as examples.

We are aware that the greater number of cases call the liability a contract, and, undoubtedly, the relation of a stockholder to a corporation has certain equitable features both of a contract and a guaranty; but we think it much more accurate to say that the liability is a statutory liability simply,

incidental to the ownership of stock, than to say that it is a contract. In *Rice* v. *Hosiery Co.*, 56 N. H. 114, the court says : "The liability which the plaintiff seeks to enforce is a mere creature of the statute, having none of the elements of a contract, whether express or implied; it is a naked statutory liability, entirely unknown to the common law, for the indebtedness of the corporation, however it may accrue, whether for the breach of a contract or the commission of a ·tort. The stockholder is not liable upon the contract in one case, nor for the tort in the other, but, under the statute, for the debt against the corporation which may grow out of either."

As this view is so clearly founded in reason, and as this court has already decided, in *Sayles* v. *Bates, supra,* that the liability is not a contract, we do not feel called upon to change that decision, even though the majority of courts may hold the other way.

It follows, therefore, that the declaration does not state a contract under the law of Kansas, as construed by the decisions of the Supreme Court of that State to which we have been referred, nor by our own construction of it.

But a statutory liability may sometimes be prosecuted in another State, and the question comes whether the liability here set out can be so prosecuted. The rule adopted by this court, in *O'Reilly* v. *N. Y. R. R. Co.*, 16 R. I. 388, is that a right of action created by statute in one State may be prosecuted in another, when the two States have statutes relating to the subject which are substantially similar.

We do not think that the declaration before us states a case within this rule.

Under Gen. Laws R. I. cap. 178, § 9, stockholders of a bank are made liable for its debts, and under cap. 180, liabilities are imposed upon stockholders of manufacturing corporations. But the declaration does not aver that the Commonwealth Loan and Trust Company was either of these. If not, this action seeks to enforce a liability against a stockholder which is not enforceable under our law. The statutes of a State do not operate beyond its own limits, and comity between States does not require that one State should enforce the statutory

provisions of another State which are contrary to the policy of its own laws. *New Haven Horse Nail Co.* v. *Linden Spring Co.*, 142 Mass. 349; *Fowler* v. *Lamson*, 146 Ill. 472; *Bank* v. *Rindge*, 154 Mass. 203; *Lewis* v. *Woodfolk*, 49 Tenn. 25.

A recent case, *contra*, is *Guerney* v. *Moore*, 32 S. W. Rep. (Mo.) 1132.

Our conclusion is that the demurrer must be sustained.

*William J. Cronin and John E. Conley*, for plaintiff.

*Stephen O. Edwards, Walter F. Angell and Seeber Edwards*, for defendant.