JAMES BELL

v.

CHARLES B. FARWELL.

*Opinion filed December 21, 1898.*

1. CONFLICT OF LAWS—*construction given foreign statutes by foreign courts is binding.* The construction of a statute of a foreign State by the highest court of that State will ordinarily be adopted by the courts of this State, even though the same language, were it used in our own statutes, might receive a different interpretation.

2. SAME—*lex loci contractus governs validity of contract.* The law of the State where a contract is made generally governs the court of the forum in construing the contract and determining its validity.

3. SAME—*stockholder's liability under Kansas law is contractual, and not penal.* The liability imposed upon stockholders in a Kansas corporation by the constitution and general Incorporation act of that State to creditors of the corporation prior to dissolution is not penal, but is contractual, being based upon the stockholder's proposal to become liable, which arises from his membership and incidental agreement to abide by the organic law of the corporation, and the acceptance thereof by the creditor by extending credit.

4. SAME—*when stockholder's liability under Kansas law is enforceable in Illinois.* The individual liability of a stockholder in a Kansas corporation under the constitution and incorporation acts of that State may be enforced in Illinois, where the declaration alleges the constitutional and statutory provisions creating the liability, and sets forth the construction given the same by the highest court in Kansas holding the liability to be several and contractual, which allegations are admitted by demurrer. (*Tuttle* v. *National Bank of Republic*, 161 Ill. 497, distinguished.)

5. SAME—*when a creditor need not resort to equity to enforce liability against a stockholder.* Where a liability against a stockholder arises under the general Incorporation act of this State, the remedy of the creditor is in equity, as provided in the act itself, but a liability against a stockholder in a foreign corporation may be enforced in Illinois in a court of law, where it appears that such is the rule in the foreign State, as judicially determined by the highest court of that State upon a construction of the statute creating the liability. (*Tuttle* v. *National Bank of Republic, supra,* distinguished.)

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

This was an action of assumpsit brought by James Bell against Charles B. Farwell, a stockholder in the Abilene Central Land Company, a Kansas corporation, to recover the amount of defendant's alleged liability as such stockholder, to be applied in satisfaction of a balance remaining due on a judgment recovered by plaintiff against the corporation in one of the courts of Kansas.

The declaration contained two counts. In the first count it was averred that on the 26th day of February, 1890, and prior thereto, at the county of Dickinson, in the State of Kansas, the Abilene Central Land Company was a corporation duly organized and doing business under and by virtue of a statute of the State of Kansas; that the said company was not a railroad nor a religious nor a charitable corporation, nor a corporation organized for such purposes; that at the time of the organization of the corporation, and at the time the liability was incurred, there was in full force and effect in the State of Kansas a provision in the State constitution as follows: "Dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liability shall not apply to railway corporations nor corporations for religious or charitable purposes." That there was also in force a certain statute, as follows: "If any execution shall have been issued against the property or effects of the corporation except a railway or a religious·or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder except upon an order of the court in which the action, suit or proceedings shall have been brought or instituted, made upon motion in open court, after reasonable notice in

writing to the person or persons sought to be charged, and upon such motion such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." It is also alleged that the defendant was a stockholder in said land company, and was the owner of ten shares of the capital stock, of the par value of $500 each; that he had paid therefor the sum of $5000; that on the 26th day of February, 1890, at a term of the district court of Dickinson county, Kansas, a judgment was rendered in favor of plaintiff, against the Abilene Central Land Company, for $39,755; that execution was issued on said judgment and returned no property found; that there now remains due on the said judgment $27,856.77, by means whereof defendant became liable to pay plaintiff the sum of $5000, etc.

The second count contains substantially the same allegations as the first, except no reference is made to the section of the statute set out in the first, and after setting out the section of the constitution of Kansas found in the first count, the declaration proceeds as follows: "That during all of said time there was in full force and effect in said State of Kansas a certain statute, in words and figures as follows: 'A corporation is dissolved, first, by the expiration of the time limited in its charter; second, by a judgment of dissolution rendered by a court of competent jurisdiction; but any corporation shall be deemed to be dissolved for the purpose of enabling any creditor of such corporation to prosecute suit against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year, or that any corporation not so suspended from business shall, for three months after the passage of this act, fail to resume its usual and ordinary business.' And further: 'If any corporation created under this or any general statute of this State, except railway or charitable or religious corporations, be dis-

solved leaving debts unpaid, suits may be brought against
any person or persons who are stockholders at the time
of such dissolution, without joining the corporation in
such suit; and if judgment be rendered and execution
satisfied, the defendant or defendants may sue all who
were stockholders at the time of the dissolution for the
recovery of the portion of such debt for which they were
liable, and the execution upon the judgment shall direct
the collection to be made from the property of each
stockholder, respectively; and if any number of stock-
holders (defendants in the case) shall not have property
enough to satisfy his or their portion of the execution,
then the amount of the deficiency shall be divided equally
among all the remaining stockholders and collection made
accordingly, deducting from the amount a sum in propor-
tion to the amount of stock owned by the plaintiff at the
time the corporation dissolved.' And further: 'If any
stockholder pay more than his due proportion of any debt
of the corporation he may compel contributions from the
other stockholders by action.' And further: 'No stock-
holder shall be liable to pay debts of the corporation
beyond the amount due on his stock, and an additional
amount equal to the stock owned by him.' That the Su-
preme Court of said State of Kansas, being the court of
last resort of said State, have passed upon and construed
the foregoing provisions of said statute, holding that
thereunder each stockholder in corporations organized
under said statute is severally and individually liable to
each creditor of such corporation in an additional amount
equal to the amount of his or her stock, to be recovered
in an action brought by such creditor directly against
such stockholder, without joining said corporation or
other stockholders therein as defendants to such action."
That said defendant was a stockholder in the company
from its organization until its dissolution; that judgment
was rendered and execution returned unsatisfied, and the
debt unpaid, as alleged in the first count; that prior to

the first day of July, 1891, said Abilene Central Land Company suspended business, and thence hitherto has not engaged in or done any business, by means whereof it was dissolved before the commencement of this suit.

To the declaration the defendant interposed a general demurrer, which the court sustained, and plaintiff electing to stand by his declaration, judgment was entered against him for costs.

CRATTY BROS., JARVIS & CLEVELAND, for plaintiff in error.

TENNEY, McCONNELL & COFFEEN, (WM. E. CHURCH, of counsel,) for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is first insisted in the argument that the provision of the constitution of Kansas set out in the declaration is self-executing, and intended to take effect without any legislation. We do not concur in that view. It is apparent from the reading of the provision itself that legislation was contemplated in order that it might be properly enforced, otherwise the last clause, "and such other means as shall be provided by law," would never have been incorporated in it. Moreover, this provision of the constitution of Kansas was involved in *Tuttle* v. *National Bank of Republic*, 161 Ill. 497, and upon careful consideration it was expressly held that it was not self-executing. The same doctrine was announced in *Marshall*, v. *Sherman*, 148 N. Y. 9, and *Western Nat. Bank* v. *Lawrence*, 76 N. W. Rep. 105, where the same provision of the constitution of Kansas was involved.

The right, however, of the plaintiff to maintain this action does not depend upon the disposition of this question. As has been seen, in the second count of the declaration it is averred that the corporation in which the

defendant was a stockholder had suspended business for more than one year. It is then averred that there was in full force in the State of Kansas a statute which provides that "any corporation shall be deemed to be dissolved for the purpose of enabling any creditor of such corporation to prosecute suit against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year." It is also averred that the statute further provides: "If any corporation created under this or any general statute of this State, except railway or charitable or religious corporations, be dissolved leaving debts unpaid, suits may be brought against any person or persons who are stockholders at the time of·such dissolution, without joining the corporation in such suit." It was further averred in the declaration: "That the Supreme Court of said State of Kansas, being the court of last resort of said State, have passed upon and construed the foregoing provisions of said statute, holding that thereunder each stockholder in corporations organized under said statute is severally and individually liable to each creditor of such corporation in an additional amount equal to the amount of his or her stock, to be recovered in an action brought by such creditor directly against such stockholder without joining said corporation or other stockholders therein as defendants to such action."

The facts set up in the declaration are admitted by the demurrer, and the question presented is, admitting the facts as pleaded to be true, is the plaintiff entitled to maintain his action against the defendant to enforce his liability as a stockholder in the corporation?

Where a statute of another State has received a construction by the highest court of such State, such construction will, ordinarily, in the courts of this State be adopted as binding and conclusive,—and this, although the examining court finds that upon similar language in a statute within its own sovereignty it would place a dif-

ferent or even reverse construction. *VanMatre* v. *Sankey*, 148 Ill. 536.

It is, however, said that the legislation in Kansas relates only to the remedy, and as the remedy is special to the State of Kansas it will not be enforced here. It may be regarded as a well settled rule that the courts of one country will not enforce either the criminal or penal laws of another. Nor will they carry out or be guided by the laws of another regulating the forms of actions or the remedies provided for civil injuries; but it is also well settled that in the construction of contracts, and in ascertaining whether they are valid, the law of the country where the contract was made or to be performed shall, in general, govern. (*Sherman* v. *Gassett*, 4 Gilm. 521.) The statute in question is neither a criminal nor a penal law. There is no ground for holding that the liability imposed by the constitution and statute of Kansas is penal in its nature or purpose.

In *Diversey* v. *Smith*, 103 Ill. 378, we had occasion to consider when a statute might be regarded as penal and when the liability might be regarded as primary and based on contract. In that case the statute declared that the corporation should not transact business until certain specified things had been done, and if it did transact business in violation of the statute the trustees and corporators should be liable to the creditors in a specified amount. The court, in the decision of the case, among other things said (p. 390): "But the statute under consideration * * * prohibits the making of all contracts. It imposes the liability upon the trustees and corporators, not because the company was authorized to contract in their names or on their behalf, or so as to otherwise bind them, but because it prohibited the commencing of business and issuing of policies, and the trustees and corporators, in violation of their duty, caused or permitted business to be commenced and policies to be issued. Sedgwick says: 'Penal statutes are acts by which a for-

feiture is imposed for transgressing the provisions of the act.' He moreover adds: 'A penal law may also be remedial, and a statute may be remedial in one part and penal in another.' In Potter's Dwarris on Statutes, 74, it is said: 'A penal statute is one which imposes a forfeiture or penalty for transgressing its provisions or for doing a thing prohibited.' It is the effect—not the form —of the statute that is to be considered, and when its object is clearly to inflict a punishment on a party for violating it,—*i. e.*, doing what is prohibited or failing to do what is commanded to be done,—it is penal in its character." In the decision the distinction between a penal and a contractual liability is made. In the one case the liability arises by a violation of the law. But where the statute declares that the corporation may transact business and the stockholder shall be liable for debts contracted, then the liability is primary and based upon contract.

It will be observed that *Fuller* v. *Ledden*, 87 Ill. 310, *Culver* v. *Third Nat. Bank*, 64 id. 529, and *Corwith* v. *Culver*, 69 id. 502, are referred to by the court in the above case, and it is said that the liability of the stockholder in those cases was contractual, and not penal. Upon examination it will be found that the language of the statute under which the corporations were organized in those cases was substantially the same as in the case under consideration.

Nor does the act in question undertake to provide any form of action whatever. It merely provides that suits may be brought against any persons who are stockholders, without undertaking to determine the character or kind of action that shall be brought. It is true, the liability of the stockholder to the creditors is one imposed by statute; but at the same time the liability is one arising out of contract. Where the charter of the corporation provides that the stockholder shall be liable to creditors individually, as was the case here, all persons who became stockholders agreed to become liable to all who

might give credit to the corporation. The stockholders offer to the public to be liable as a corporation to the extent of the capital invested in the corporation, and they agree to become liable individually to an amount specified in the act of incorporation. Persons who give credit to the corporation do so upon the faith of the personal liability of the stockholders, and upon what principle can it be said that the liability is not contractual? In the discussion of this question Morawetz on Private Corporations (sec. 870) says: "If the company's charter provides that the shareholders shall be subject to a special individual liability to creditors, persons becoming shareholders agree to become liable, both in their corporate capacity and individually, to all persons who shall give credit to the corporation. They offer to all the world to become liable, in their corporate capacity, to the extent of the capital which they have agreed to contribute for the purpose of carrying on the company's business, and they offer to become liable individually to the amount expressly provided by their charter or incorporation law. Parties who contract with the corporation contract upon the faith of this liability held out as their security, and the offer of the shareholders, being thereby accepted, ripens into a binding contract." See, also, Thompson on Private Corp. sec. 3056; Cook on Stock and Stockholders, sec. 223.

In *Western Nat. Bank* v. *Lawrence*, 76 N.W. Rep. 105, the Supreme Court of Michigan held that under the Kansas constitution and statute the stockholder was individually liable to a creditor; that the action was transitory, and might be enforced in any State where personal service could be had on the stockholder.

In *Hancock Nat. Bank* v. *Ellis*, 166 Mass. 414, the Supreme Court of Massachusetts held that an action might be maintained in that State by a creditor against a stockholder, under the constitution and statute of Kansas, to enforce the personal liability of the stockholder. In the

decision of the case the court said: "This case comes up on demurrer to the plaintiff's declaration. It is averred, in substance, that under the statute of Kansas, as interpreted by the decisions of the Supreme Court of that State, the liability of the defendant as a stockholder is a contractual liability, and arises upon the contract of subscription to the capital stock made by the defendant in becoming a stockholder, and that in subscribing to said stock and becoming a stockholder he thereby guaranteed payment to the creditors of an amount equal to the par value of the stock held and owned by him, which should be payable to the judgment creditors of said corporation who first pursued this remedy under the statute, and that an action to enforce said liability is transitory, and may be brought in any court of general jurisdiction in the State where personal service can be made upon the stockholder. The liability of the stockholders must be determined according to the law of Kansas. (*New Haven Horse Nail Co.* v. *London Springs Co.* 142 Mass. 349; *Halsey* v. *McLean*, 12 Allen, 438; *Flash* v. *Conn*, 109 U. S. 371.) We now have a case where the declaration, as we interpret it, sets forth that according to the law of Kansas the defendant is liable to a judgment creditor of the corporation as upon a contract, which is suable anywhere. The facts alleged in this respect are different from those in any case heretofore presented to this court, (see *Bank of North America* v. *Rindge*, 154 Mass. 203,) and the alleged liability of stockholders is of a different character from that which exists in this commonwealth. We are, however, to adopt the construction which is given in Kansas to the liability and undertaking of stockholders in Kansas corporations, and to give force and effect to the same as there established."

It is said, however, assuming a liability which the courts might undertake to enforce, they will refuse to do so except by a proceeding in consonance with the judicial policy of our State. Thompson on Liability of Stock-

holders (secs. 82, 83,) says: "If the liability sought to be enforced is in the nature of contract, and is not opposed to the legislation or public policy of the State in which it is sought to be enforced, the courts of such State will give effect to it. If the statute creating such liability is penal in its nature it will not be enforced outside of the sovereignty enacting it." Under this rule we see no reason why the action brought in the case under consideration might not properly be maintained. The statute creating the liability, as we have seen, is not penal, and while the liability is one imposed by statute, it arises out of a contract of subscription entered into by the stockholder when he became a stockholder in the corporation. Morawetz on Corporations (sec. 875) says: "The right to maintain a suit of this character outside of the jurisdiction of the State by which the corporation was chartered does not depend upon the comity of the State where the suit is brought, or its willingness to recognize and give effect to the laws of a foreign State; it depends upon the willingness of the courts to enforce a contract validly entered into between the parties in another jurisdiction."

The policy of a State is to be determined, in a great measure, from its legislation and from the decisions of its courts, and under our decisions a liability of a stockholder has been frequently enforced in an action at law, where the liability of the stockholder did not arise under the general Incorporation act of the State. (*Wincock* v. *Turpin*, 96 Ill. 135; *Schalucky* v. *Field*, 124 id. 617; *Corwith* v. *Culver*, 69 id. 502; *Fuller* v. *Ledden*, 87 id. 310; *Culver* v. *Third Nat. Bank*, 64 id. 529; *McCarthy* v. *Lavasche*, 89 id. 270.) Where a liability arises under the general Incorporation act of the State, (Rev. Stat. chap. 32,) the remedy of the creditor is in equity, as provided by section 25 of that statute, as held in *Low* v. *Buchanan*, 94 Ill. 76. But in *Wincock* v. *Turpin, supra*, it was held that the remedy in equity was confined to corporations organized under that act, hence the fact that a remedy in equity was established in a partic-

ular class of cases could have no special bearing on the question involved.

The defendant, however, relies upon *Tuttle* v. *National Bank of Republic, supra,* as an authority that the action cannot be maintained. There is a marked distinction between this case and the *Tuttle case.* In the second count of the declaration will be found three provisions of the Kansas statute set out and relied upon which were not before the court in the *Tuttle case.* In addition, the construction placed upon the constitution and statutes of Kansas by the Supreme Court of that State is pleaded in this case, which was not before the court in that case. It is averred in the declaration, and the averment is admitted to be true by the demurrer, "that the Supreme Court of Kansas, being the court of last resort of said State, has passed upon and construed said statute, and holds that any stockholder in a corporation organized thereunder is severally and individually liable to each creditor of such corporation in an amount equal to the amount of his stock, to be recovered in an action brought by the creditor directly against the stockholder, without joining said corporation or other stockholders therein as defendants." Had the statutes set up in this case and their construction by the court of last resort been before us in the *Tuttle case* a different result might have been reached on the question of remedy.

The liability imposed is not to the corporation nor to all the creditors of the corporation, but, on the other hand, the liability is to each individual creditor. Nor is the liability of the stockholders a joint one, but each stockholder is severally liable. Under such circumstances a resort to a court of equity in the State of Kansas does not seem to be required before bringing an action here to enforce the individual liability of the stockholder. The rule established in *Young* v. *Farwell,* 139 Ill. 326, and *Patterson* v. *Lynde,* 112 id. 196, does not apply to the case made by the declaration here.

The judgments of the Appellate and superior courts will be reversed and the cause will be remanded, with directions to the superior court to overrule the demurrer to the declaration.      *Reversed and remanded.*