CHARLES LOVE and GRANT HORNADAY, Assignees of the Bank of Fort Scott, *vs.* PUSEY & JONES COMPANY, a corporation of the State of Delaware.

*Debt—Demurrer—Pleading—Corporation; Foreign; Stockholder in; Liability of; Action Against in this State—Contract— Statutory Liability; Contractual—Actions Local; Transitory—General Incorporation Act.*

1. An action may be maintained in this state against a stockholder in a Kansas corporation to enforce the individual liability of such stockholder under certain constitutional and statutory provisions of the latter State, to an amount equal to the par value of the defendant's stock, on account of the unpaid balance of the plaintiff's judgment obtained in Kansas against said corporation.

2. Such liability, though statutory in its origin, is contractual in its nature, and the cause of action is transitory, and may be enforced by an appropriate action in a court of general jurisdiction in any state where personal service is had on the stockholder.

3. Section 49 of the General Incorporation Act of this State, and certain other provisions, apply to corporations created and organized by authority of this State, and not to the relations, liabilities, rights and remedies of stockholders and creditors of corporations created, empowered and organized solely by authority of another State.

4. When the liability sought to be enforced is in the nature of a contract voluntarily entered into by the defendant with adequate opportunity at the time of obtaining the stock to learn and comprehend his liability under the constitution and laws of Kansas, and not being opposed to the legislation or public policy of this State, the courts of this State will give effect to it.

5. Debt will lie upon a contract, express or implied, to recover a sum certain or capable of being reduced to a certainty by calculation, payable in respect of a direct and immediate liability by one to another. It is a proper form of action against a stockholder of a corporation in a case like that now presented by the pleadings in this suit.

(*June 24, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Harry Emmons* for plaintiffs.

*Benjamin Nields* for defendant.

Superior Court, New Castle County, May Term, 1902.

ACTION OF DEBT (No. 189, Sept. Term, 1901).

Demurrer argued at the May Term, 1902.

GRUBB, J., delivering the opinion of the Court:

In this suit the plaintiffs seek to hold a Delaware stockholder in a Kansas corporation individually liable under certain constitutional and statutory provisions of that State, to an amount equal to the par value of the defendant's stock, on account of the unpaid balance of the plaintiff's judgment obtained in Kansas against said corporation.

In their declaration the pertinent provisions of the Kansas Constitution and statutes are fully set forth, as well as the material facts and averments necessary to bring the plaintiff's case sufficiently within them.

Under the defendant's general demurrer to this declaration, it is contended that this suit cannot be maintained in this State against the defendant because the individual liability imposed by said provisions is statutory and not contractual, and the cause of action arising thereunder is local and not transitory; and, further, because the procedure authorized by the Kansas provisions would be inconsistent with the provisions of the General Incorporation Act and the policy of this State.

Similar contentions, under the very constitutional and statutory provisions of Kansas now in question here, have repeatedly been judicially considered and decided in Kansas and other states, and also in the Federal courts.

In some states the defendant's contentions have been upheld. *Marshall vs. Sherman, 148 N. Y., 9; Bank of North America vs. Rindge, 154 Mass., 203; Fowler vs. Lambson, 146 Ill., 163;*

*Crippen vs. Leighton, 69 N. H., 540; Hancock National Bank vs. Farnum, R. I., 40 Atl., 341.*

It is noteworthy, however, that more recently the courts of Massachusetts and Illinois have receded from their former view and hold the contrary.

*Hancock National Bank vs. Ellis, 172 Mass., 39; Bell vs. Farwell, 176 Ill., 489.*

Unquestionably the present trend of state adjudications and the decisive weight of judicial authority—both federal and state—are in favor of the claim of the plaintiffs that, under the Kansas constitutional and statutory provisions in question, the stockholder is severally and individually liable to a creditor of the corporation; that the liablilty, though statutory in its origin, is contractual in its nature, and that the cause of action is transitory and may be enforced by an appropriate action in a court of general jurisdiction in any state where personal service is had on the stockholder.

*Howell vs. Manglesdorf, 33 Kansas, 194; Woodsworth vs. Bowles, 61 Kansas, 582; Abbey vs. W. B. Grimes Dry Goods Co., 44 Kansas, 415 (1900); Whitman vs. National Bank of Oxford, 176 U. S., 559; Bell vs. Farwell, 176 Ill., 489; Ferguson vs. Sherman, 116 Calif., 169; Western National Bank vs. Lawrence, 117 Mich., 669; Hancock National Bank vs. Ellis, 172 Mass., 39; Cushing vs. Perot, 175 Pa. St., 66; Guervey vs. Moore, 131 Mo., 650.*

The defendant contends that, as the present suit is in form an action of debt and not an action on the case, and so in this and other respects not in conformity with the requirements and policy of Section 49, and certain other provisions of our General Incorporation Act, therefore the plaintiffs cannot recover in this action.

But said section and provisions apply to corporations created and organized by authority of this State, and not to the relations, liabilities, rights and remedies of stockholders and creditors of corporations created, empowered and organized solely by authority of the State of Kansas.

*Bell vs. Farwell, 176 Ill., 489; Wincock vs. Tarbin, 96 Ill., 135.*

The liability here sought to be enforced being in the nature of a contract voluntarily entered into by the defendant with adequate opportunity, at the time it obtained its stock, to learn and comprehend its liability under the Constitution and laws of Kansas, and not being opposed to the legislation or public policy of this State, so far as we discover, the courts of this State will give effect to it.

*Bell vs. Farwell, 176 Ill., 489 ; Hancock National Bank vs. Ellis, 172 Mass., 39.*

Debt will lie upon a contract, express or implied, to recover a sum certain or capable of being reduced to a certainty by calculation, payable in respect of a direct and immediate liability by one to another.

We consider it a proper form of action against a stockholder of a corporation in a case like that now presented by the pleadings in this suit.

*Simonson vs. Spencer, 15 Wend., 548 ; Mc Vicker vs. Jones, 70 Fed., 757.*

The defendant's demurrer is overruled.